LESLIE F. BLEAMASTER et al., Appellants, v. COUNTY of LOS ANGELES et al., Respondents.

Leslie F. Bleamaster and Norma V. Bleamaster, in pro. per., for Appellants.

Harold W. Kennedy, County Counsel, and Lloyd S. Davis, Deputy County Counsel, for Respondents.

WOOD, P. J.—In their original complaint, plaintiffs sought to compel the defendants county of Los Angeles and city of Downey to remove a "curb return" allegedly constructed and maintained on plaintiffs' property, and to recover damages arising out of the construction and maintenance of the return. Demurrers of the county and the city were sustained, and plaintiffs were given leave to amend. Plaintiffs filed an amended complaint, and the county and the city demurred thereto. The demurrer of the city was overruled, and the

city filed an answer. The demurrer of the county was sustained without leave to amend, and a judgment was entered which recited "that the plaintiffs take nothing herein, and that the defendant County of Los Angeles be awarded its costs. . . ." Plaintiffs' notice of appeal states that they appeal "from the judgment of dismissal . . . entered . . . in favor of the County. . . ."

The allegations of the amended complaint are, in substance, as follows: Plaintiffs are the owners of a certain parcel of real property located in Downey. Between April 1954, and April 1955, the county took possession of, and appropriated to public use, the northeast corner of said property, and it constructed a "concrete curb return" thereon. The county offered to pay $89 to plaintiffs as damages arising from the construction of said curb return. Before it constructed the return, the county did not condemn said property. The county has not acquired "a rightful title to use through court action or by making a settlement with plaintiffs, nor has a prescriptive right to public easement accrued to" the county. The county deprived plaintiffs of their property without due process of law, and it has withheld the property so taken. Plaintiffs have been continually damaged by the county's wilful and wrongful acts. About June 27, 1958, at the request of the county, plaintiffs submitted a claim for damages to the county board of supervisors. A copy of the claim is attached to the amended complaint, marked Exhibit "A," and made a part thereof. About September 12, 1958, plaintiffs received a letter which stated that, on September 10, 1958, the board denied plaintiffs' claim for damages. The county refused to remove the curb from plaintiffs' premises, and it maintained the same upon plaintiffs' premises while said premises were a part of the unincorporated community of Downey. The county refuses to remove said curb "now declaring lack of jurisdiction by virtue of the subsequent incorporation of Downey. . . ." The city of Downey is, and since April 17, 1956, has been, a municipal corporation. Following the incorporation of Downey, an officer of the city was apprised orally of the existing encroachment on plaintiffs' premises, and later, on April 7, 1958, plaintiffs addressed a letter to the city manager calling attention to said curb return. About May 10, 1958, plaintiffs received a letter which stated that the curb return was installed by the county prior to the incorporation of the city, and that the city had no interest in the matter other than "wishing to see the city

streets are improved to the highest standard possible." The city has not acquired title to use plaintiffs' said premises through court action or by making a settlement with plaintiffs. The city has deprived plaintiffs of their property without due process of law and is putting to public use property for which just compensation has not been paid. The city has withheld plaintiffs' said property, and plaintiffs have been continually damaged by the city's wilful and wrongful acts. The city has refused to remove the curb from plaintiffs' property and threatens to maintain the same and has refused to indemnify plaintiffs for said property now unlawfully used for public purposes by the city. Plaintiffs' premises have been illegally subverted to public use, deprived of a public parkway, and depleted in value. By reason of the "facts and allegations hereinbefore specified," plaintiffs' premises have depreciated in value more than 3 per cent, and the value of the premises prior to the injuries complained of was at least $80,000; plaintiffs have sustained special damages of $665 and damages of $2,500. The prayer is for judgment in the amount of $5,565 and "that the defendants restore to plaintiffs' said premises their rightful parkway and that the defendants be permanently enjoined from maintaining said or any obstruction on plaintiffs' said premises."

In the claim which was filed with the county (Exhibit "A") plaintiffs state that they claim damages for "taking and using our real estate for public use without first paying just compensation therefor as required by the Eminent Domain provision of the State Constitution." The amounts of damages stated therein are $148.50 for loss of property; $813.50 for severance damages; $202.02 for loss of interest on "money that should have accrued to" them at the time the property was taken, or for the equivalent rental value of the property, and for 7 per cent interest thereon until "settlement paid"; and for $1,000 for "violation of property rights by undue process of law."

The county demurred to the amended complaint on the grounds that it did not state facts sufficient to state a cause of action against the county. In its points and authorities, filed in support of the demurrer, the county states that the amended complaint did not state a cause of action for the reasons: It did not allege that plaintiffs filed a claim with the county within one year after the claim accrued; it appears from the amended complaint that the claim was not

filed "within the one-year period required by Section 29704 of the Government Code"; and it appears from the amended complaint that the "area in question" was incorporated into the city of Downey on December 17, 1956. The county also demurred on the ground that the amended complaint shows "on its face" that it is barred by the provisions of section 338, subdivision 2, of the Code of Civil Procedure.

Appellants contend that the amended complaint states facts sufficient to constitute a cause of action against the county for an injunction compelling the county to remove the curb return, for recovery of their property, and for damages, or, in the alternative, for damages in inverse condemnation. They contend further that the incorporation of the city of Downey did not relieve the county of the obligation to remove the curb return and to compensate them for the damages sustained, or, in the alternative, to compensate them for the taking and damaging of the property; that sections 29702 and 29704 of the Government Code are not applicable to their claim against the county for damages for the taking and damaging of the property; and that said sections are unconstitutional in that they deny plaintiffs the right to compensation, as guaranteed by section 14 of article I of the state Constitution, for property which was taken and damaged for public use without due process of law.

With respect to their contention that the amended complaint states facts sufficient to constitute a cause of action against the county for an injunction and for recovery of the property, appellants refer to cases in which it was held that where property is taken for public use without payment of compensation or the institution of condemnation proceedings the owner may proceed in an action for recovery of the property and for injunctive relief. In those cases the defendants were the political units which were in control of the property which had been taken. In the present case, the amended complaint alleges that the property is now located in the city of Downey and that the property is now used by the city for public purposes. It does not appear that the county is in possession of the property or that the county has any authority to remove the curb. In view of such allegations, the amended complaint does not state facts sufficient to constitute a cause of action against the county for an injunction or for recovery of the property.

With respect to their contention that sections 29702 and 29704 of the Government Code are not applicable to

their claim against the county, appellants cite *Wilson* v. *Beville*, 47 Cal.2d 852 [306 P.2d 789] and *Natural Soda Prod. Co.* v. *City of Los Angeles*, 23 Cal.2d 193 [143 P.2d 12]. Section 29704 of the Government Code at the times involved herein provided that: "Any claim against the county . . . payable out of any public fund under the control of the board [of supervisors], whether founded upon contract, express or implied, or upon any act or omission of the county . . . shall be presented to the board before any suit may be brought thereon . . . ," and section 29702 provided that: "A claim shall be filed within a year after the last item accrued." In *Bellman* v. *County of Contra Costa*, 54 Cal.2d 363 [5 Cal.Rptr. 692, 353 P.2d 300], which was an inverse condemnation action against a county, it was held that those code sections (relative to filing a claim against a county) were applicable in such an action. In the Bellman case (in distinguishing the Wilson case which is cited above by appellant herein) it was said, at page 368: "We point out that *Wilson* v. *Beville* (1957), *supra*, 47 Cal.2d 852, dealt with and discussed a local city charter claims provision, as distinguished from a state legislative enactment, and expressly recognized (pp. 856-860 [5-7]) that the matter was one for the state Legislature to regulate. (See also *Bacich* v. *Board of Control* (1943), *supra*, 23 Cal.2d 343 [144 P.2d 818], to the effect that a claims statute enacted by the Legislature is and would be valid.)" The case of *Natural Soda Prod. Co.* v. *City of Los Angeles*, which is cited above by appellants herein, is also distinguishable from the Bellman case, *supra*, for the same reason that the Wilson case is distinguishable therefrom. The Natural Soda case and the Wilson case involved the same city charter claims provision, and the Bellman case (against a county) involved said code sections. In the present action sections 29702 and 29704 are applicable to appellants' claim against the county for damages based upon asserted inverse condemnation.

Appellants contend that sections 29702 and 29704 are unconstitutional with respect to their claim in that those sections deny just compensation to plaintiffs for property taken without due process of law. It is to be noted that those sections (in effect at the times involved herein), and other sections in the same article, regulated the procedure by which claims against a county were to be presented and regulated the time for presentation of such claims. In *Powers Farms* v. *Consolidated Irr. Dist.*, 19 Cal.2d 123 [119 P.2d 717], it

was said, at page 126: "The Constitution of this state (art. I, § 14) prohibits the taking or damaging of private property for public use 'without just compensation having first been made to, or paid into court for, the owner' . . . Although the Constitution grants the right to compensation, it does not specify the procedure by which the right may be enforced. Such procedure may be set up by statutory or charter provisions, and when so established, a failure to comply with it is deemed to be a waiver of the right to compel the payment of damages." Sections 29702 and 29704 of the Government Code specify the procedure by which the right to compensation may be enforced. Those sections are not unconstitutional upon the asserted basis that they deny appellants the right to compensation as guaranteed by article I, section 14, of the state Constitution.

 Appellants also contend that sections 29702 and 29704 are unconstitutional when applied to inverse condemnation actions against counties for the reasons that (1) said sections constitute special legislation, applying only to counties, and they are therefore within the prohibitions of article IV, section 25, subdivision 32, of the state Constitution, and (2) said sections impose a burden on persons whose property is taken or damaged by counties that is not imposed on persons whose property is taken or damaged by cities, and said sections therefore constitute unequal protection within the prohibitions of the Fourteenth Amendment to the federal Constitution. In *Lelande* v. *Lowery*, 26 Cal.2d 224, 232 [157 P.2d 639, 175 A.L.R. 1109], it was said: "A law is special within the prohibitions of the California Constitution (art. I, §§ 11, 21; art. IV, § 25) when it is not founded on a natural, intrinsic, or constitutional distinction which reasonably justifies difference in treatment. [Citations.] The Legislature can make reasonable classifications; i.e., classifications which have a substantial relation to a legitimate object to be accomplished. [Citations.] A law is general and uniform and affords equal protection in its operation when it applies equally to all persons within such a classification. [Citations.]" In *County of San Mateo* v. *Coburn*, 130 Cal. 631, 636 [63 P. 78], it was said: "A county is a governmental agency or political subdivision of the state, organized for the purpose of exercising some functions of the state government, whereas a municipal corporation is an incorporation of the inhabitants of a special region for the purposes of local government." The distinction be-

tween a county and a city is a sufficient basis for a distinction in classification for the purpose of establishing a procedure for the enforcement of the right of a property owner to recover compensation for the taking or damaging of property for public use. Sections 29702 and 29704 of the Government Code apply equally to all persons who have claims against a county, and said sections apply equally to all counties. The sections are not within the prohibitions of the state Constitution or the federal Constitution upon the asserted basis that they apply only to claims against counties or upon the asserted basis that they do not apply to similar claims against cities.

Appellants contend that the county's demurrer is insufficient to interpose section 29702 as a bar to their cause of action. They argue that since section 29704 is the only section of the Government Code specified by the county in its demurrer, the trial court erred in determining that the action was barred by the provisions of section 29702. As above stated, the county demurred on the grounds that the amended complaint (1) fails to state facts sufficient to constitute a cause of action against the county, and (2) "shows on its face" that it is barred by the provisions of sections 338, subdivision 2, of the Code of Civil Procedure. In the memorandum of points and authorities filed by the county in support of the demurrer it was stated that "An action for damages against a county must allege the filing of a claim within one year after the claim has accrued." The county cited, as an authority on that point, section 29704 of the Government Code. As above noted, section 29704 provides that a claim shall be presented to the board of supervisors before any suit may be brought thereon, and section 29702 provides that a claim shall be presented within one year after it accrued. Under those sections, appellants were required, in order to state a cause of action against the county, to allege that they presented a claim to the board within one year after the claim accrued. (See *Rhoda* v. *Alameda County*, 52 Cal. 350, 352.) The amended complaint alleges that the county took the property between April 1954, and April 1955; and that the city of Downey was incorporated in April 1956, and that plaintiffs' property is in, and is used by, that city. It is also alleged therein that plaintiffs' claim against the county was presented "about" June 27, 1958. It thus appears, according to the amended complaint, that plaintiffs' claim against the county for taking, using, and

damaging their property was not presented within one year after the claim accrued. Since the amended complaint disclosed that the claim was not presented within such period of time, the amended complaint did not allege sufficient facts to constitute a cause of action against the county. It is true that section 29702 was not referred to in the demurrer or in the memorandum of points and authorities, but under the circumstances here it was not necessary that said section be specifically referred to. Section 29704 was referred to (instead of § 29702), and further the memorandum stated that the complaint "must allege the filing of a claim within one year after the claim has accrued." It thus appears that the question as to whether the claim was filed within the proper time was presented for consideration upon the hearing on the demurrer. As above stated, it was necessary in order to state a cause of action against the county that the plaintiffs allege that their claim was filed within such period of one year. The requirement that such a claim be filed within one year is not a statute of limitation specifying the time within which an action must be commenced, but it is a statute regulating procedure for presenting a claim as a basis or foundation for alleging a cause of action. In determining whether sufficient facts were alleged to constitute a cause of action, the court properly considered whether the claim was presented within the proper time.

 Appellant contends that the judgment is premature for the reason that the respective liabilities of the county and the city have not been determined. The question presented is whether the amended complaint states facts sufficient to constitute a cause of action against the county. That question is not dependent upon the outcome of the action against the city. This contention is not sustainable.

In view of the above conclusions, it is not necessary to discuss other contentions on appeal.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.

A petition for a rehearing was denied March 15, 1961, and appellants' petition for a hearing by the Supreme Court was denied April 19, 1961.