BURKE, P. J.
 

 Plaintiff was injured on May 3.1, 1960, when the motorcycle which he was riding allegedly struck a defect in a county highway causing plaintiff to sustain personal injuries. The complaint alleged filing of a claim with defendant County of Los Angeles on February 20, 1961, some nine months after the accident occurred. Defendant County of Los Angeles interposed a general demurrer to the complaint which was sustained by the court without leave to amend, upon the grounds the claim was not filed within one hundred days after the date of the accident as required by sections 710 and 715 of the Government Code. A judgment of dismissal was entered from which plaintiff appeals.
 

 Plaintiff contends that the Supreme Court, in the case of
 
 Muskopf
 
 v.
 
 Corning Hospital Dist.,
 
 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], eliminated all governmental immunity from liability for tort from which it follows, plaintiff asserts, that statutes imposing the filing of claims as a prerequisite to suit are unconstitutional and void. Plaintiff argues that the claims requirements are dependent for their existence upon the doctrine of sovereign immunity.
 

 First, it should be pointed out that in the
 
 Muskopf
 
 case,
 
 supra,
 
 the Supreme Court clearly distinguished between the doctrine of sovereign governmental immunity as established by court rule and governmental immunity established by statute. It asserted that the doctrine of governmental immunity was originally court-made and reviewed the many statutes wherein the state Legislature waived substantive immunity in certain areas. In fact, the argument was presented to the Supreme Court that the Legislature, having removed immunity in certain areas, has in effect retained it in all others and therefore the court was .without the power to remove the
 
 *670
 
 immunity in the remaining areas not covered by legislative enactments. The Supreme Court rejected this argument, stating that the Legislature had only intended to say (pp. 218-219), “. . . that in the areas indicated there shall be no governmental immunity. [The statutes] leave to the court whether it should adhere to its own rule of immunity in other areas.” Thus, what the court did in
 
 Muskopf, supra,
 
 was to declare that the immunity of public agencies for the torts of its agents, insofar as said immunity has been created by judicial action, is no longer of force and effect.
 

 Section 6 of article XX of the state Constitution prescribes that suits may be brought against the state in such manner and in such courts as shall be directed by law. Sections 710 and 715 of the Government Code prescribe the manner in which and the time within which suits may be filed against a local public entity and require the filing of a written claim as a condition precedent to the filing of such suits.
 

 The purposes of claims statutes have been recognized as valid in such cases as
 
 Hochfelder
 
 v.
 
 County of Los Angeles,
 
 126 Cal.App.2d 370 [272 P.2d 844], where the court stated (p.374):
 

 “One of the reasons for this type of legislation, requiring claims against a county to be first presented to the legislative body before suit is commenced, is to prevent public funds from being consumed in needless litigation by affording the county an opportunity for amicable adjustment before it could be charged with the cost of a suit and incur other expenses.
 
 (Crescent Wharf etc. Co.
 
 v.
 
 Los Angeles,
 
 207 Cal. 430, 437 [278 P. 1028];
 
 Western Salt Co.
 
 v.
 
 City of San Diego,
 
 181 Cal. 696 [186 P. 345].) Another reason is that it provides the public body responsible for making preparations for the fiscal year with an opportunity to be informed in advance as to the indebtedness or liability that it may be expected to meet.
 
 (Crescent Wharf etc. Co.
 
 v.
 
 Los Angeles, supra Arbios
 
 v.
 
 San Bernardino County,
 
 110 Cal. 553, 555 [42 P. 1080].) A third reason, of course, is to give the county prompt notice of a claim in order to enable the board to investigate and inform themselves of the merits or demerits of a claim while the evidence is still fresh and the witnesses available. (See David,
 
 California Municipal Tort Liability,
 
 7 So.Cal.L.Rev. 372, 402-405.)”
 

 The cause of action upon which plaintiff proceeded in the case before us is based upon an alleged dangerous or defective condition of public property and is therefore gov
 
 *671
 
 erned by the provisions of the Public Liability Act of 1923 (Gov. Code, §§53050 et seq.).
 

 Since the
 
 Muskopf
 
 decision
 
 (Muskopf
 
 v.
 
 Corning Hospital Dist., supra,
 
 55 Cal.2d 211) there have been a number of decisions of the District Court of Appeal holding that the provisions of the Public Liability Act of 1923 must be satisfied before a public agency can be held liable thereunder. (Akers v.
 
 City of Palo Alto,
 
 194 Cal.App.2d 109, 122 [14 Cal.Rptr. 767];
 
 Ngim
 
 v.
 
 City & County of San Francisco,
 
 193 Cal.App.2d 138,144 [13 Cal.Rptr. 849];
 
 Kotronakis
 
 v.
 
 City & County of San Francisco,
 
 192 Cal.App.2d 624, 631 [13 Cal.Rptr. 709].)
 

 In the
 
 Kotronakis
 
 case,
 
 supra
 
 (192 Cal.App.2d 624, at 631), the court declared:
 

 “We are of the opinion that
 
 Muskopf
 
 has no effect upon the Public Liability Act. It is one thing for the courts to abandon a court-made rule of immunity. It is quite another thing to say that a decision which does so also, in effect, amends
 
 or
 
 repeals a statute whereby the Legislature has waived the immunity but with a provision that certain conditions must be met before the injured party can recover. The courts are not the primary lawmakers of this state; the Legislature is. 1 The legislative power of this state shall be vested in a Senate and Assembly which shall be designated “The Legislature of the State of California”. . . (Cal. Const., art. IV, § 1, and see art. III, §
 
 1; Allied Properties
 
 v.
 
 Department of Alcoholic Beverage Control,
 
 53 Cal.2d 141 [346 P.2d 737], and
 
 Sandstrom
 
 v.
 
 California Horse Racing Board,
 
 31 Cal.2d 401, 412 [189 P.2d 17, 3 A.L.R.2d 90].) ‘A judge is not required to approve every statute or precedent by which his decision is governed. Like other citizens, he is bound, not to believe in a particular law, but to obey it.’
 
 (Weil
 
 v.
 
 Weil,
 
 37 Cal.2d 770, 776 [236 P.2d 159]; and see
 
 Lucas
 
 v.
 
 City of Los Angeles, 10
 
 Cal.2d 476, 485 [75 P.2d 599].) We find nothing in the
 
 Muskopf
 
 opinion indicating an intent to modify or abrogate any of the provisions of the Public Liability Act.”
 

 The court in the last cited case
 
 (Kotronakis
 
 v.
 
 City & County of San Francisco, supra,
 
 192 Cal.App.2d 624) pointed out that the Legislature specifically provided for an immunity of cities for dangerous or defective conditions of public streets when it passed the Improvement Act of 1911, which is now division 7 of the Streets and Highways Code; that this was done at a time when there also existed in this state the court-made rule of governmental immunity from tort liability.
 

 
 *672
 
 In
 
 Kotronakis, supra
 
 (192 Cal.App.2d 624, 632), the court held that the Legislature clearly had the power, following its enactment of the 1911 act, to modify that statutory immunity, upon terms prescribed by it, as it did in 1923, when it adopted the Public Liability Act. The court declared: ‘ ‘ Since courts cannot repeal statutes, the conclusion follows that
 
 Muskopf
 
 has not modified, amended, or repealed the Public Liability Act or any part thereof.”
 

 Plaintiff asserts in the case before us that such cases as
 
 Johnson
 
 v.
 
 City of Glendale,
 
 12 Cal.App.2d 389 [55 P.2d 580], construing the Public Liability Act of 1923, held that the right to sue a municipality for negligence in the maintenance of its streets exists only by virtue of statute and that therefore, upon the court declaring in
 
 Muskopf (Muskopf
 
 v.
 
 Corning Hospital Dist., supra,
 
 55 Cal.2d 211) that the underlying doctrine of governmental immunity for torts no longer exists, such cases must fall with it as well as the statutes establishing the claims procedures. In
 
 Kotronakis, supra
 
 (192 Cal.App.2d at pp. 632-633), the court answered this argument by noting, “Nothing in
 
 Muskopf
 
 suggests that the Legislature has no power to act as it has. The mere fact that the Legislature, in adopting a statute, may have been mistaken in its belief that a certain rule of common law existed is no basis for denying its power to act or the validity of its enactment. [ Citing eases.] . . . Whether the Legislature, when it adopted the Public Liability Act in 1923, was creating a liability, with conditions attached, or was attaching conditions to an existing liability, there can be no doubt that it had power to do so.” Plaintiff asserts that the claims provisions are clearly statutes of limitation and that they are void because they establish a different limitation in the case of actions against public agencies as distinguished from those against individuals, that such special legislation is violative of article IV, section 25 of the state Constitution. The argument .that the claims sections pertaining to counties was special legislation was raised and rejected in the case of
 
 Bleamaster
 
 v.
 
 County of Los Angeles,
 
 189 Cal.App.2d 274, 280 [11 Cal.Rptr. 214], wherein it was held that a law is general and uniform and affords equal protection in its operation when it applies equally to all persons within a classification, having substantial relation to a legitimate object to be accomplished. In
 
 Bleamaster, supra,
 
 it was contended that a claims statute applicable to a county containing a different provision than that pertaining to cities generally constituted special legislation
 
 *673
 
 and an unreasonable classification. The court held to the contrary pointing out the distinction between the counties as political subdivisions of the state and a city which is an incorporation of the inhabitants of a special region for purposes of local government. This was held to warrant separate classification. Clearly, placing local governmental agencies in a classification different from nongovernmental entities in legislation pertaining to statutes of limitation likewise constitutes a reasonable classification.
 

 The judgment is affirmed.
 

 Jefferson, J., and Balthis, J., concurred.