[S.F. No. 24861. July 31, 1986.]

BERNICE BETTENCOURT et al., Plaintiffs and Appellants, v.
LOS RIOS COMMUNITY COLLEGE DISTRICT et al.,
Defendants and Respondents.

272

**Counsel**

O'Brien & Sullivan and Rory D. Jensen for Plaintiffs and Appellants.

James K. Mirabell and Porter, Scott, Weiberg & Delehant for Defendants and Respondents.

**Opinion**

**BIRD, C. J.**—Did the trial court abuse its discretion when it denied plaintiffs' petition seeking relief from the claim presentation requirement of Government Code section 945.4[1] on the ground of excusable neglect?

## I.

The facts in this case are uncontroverted. On November 29, 1982, Vincent Braby, plaintiffs' 22-year-old son, drowned while on a biology field trip to Bodega Bay. The trip was sponsored and organized by Sacramento City College, where Braby was a student.

---

[1] Section 945.4 provides in relevant part: "Except as provided in Sections 946.4 and 946.6, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board. . . ."

Section 911.2, which sets forth the time limit for presenting such a claim, provides in relevant part: "A claim relating to a cause of action for death or for injury to person or to personal property . . . shall be presented . . . not later than the 100th day after the accrual of the cause of action. . . ."

All statutory references are to the Government Code unless otherwise indicated.

On February 11, 1983, 74 days after the accident, plaintiffs retained counsel to represent them. Counsel immediately hired an investigator and commenced an investigation of the case. He then telephoned John Bukey, defendant's general counsel and director of legal services, to obtain more information about the accident. Counsel informed Bukey that he might file a wrongful death action on behalf of Braby's parents. Bukey was investigating the accident for the college, and he promised to send counsel all relevant materials.

On February 15, 1983, four days after he was retained, counsel for plaintiffs filed a tort claim with the State Board of Control under the mistaken belief that the employees of Sacramento City College were employees of the State of California. Counsel discovered his error on March 25, 1983, when he learned that Sacramento City College employees were employees of the Los Rios Community College District. Counsel immediately telephoned Bukey informing him of the mistake and telling him that a petition for leave to present a late claim would be filed.

Three days later and 119 days after accrual of the cause of action, counsel for plaintiffs filed an application for leave to present a late claim under section 911.4.[2] Defendant denied the application. Counsel then filed a petition in the superior court, pursuant to section 946.6,[3] seeking relief

---

[2]Section 911.4 provides in relevant part: "(a) When a claim that is required by Section 911.2 to be presented not later than the 100th day after the accrual of the cause of action is not presented within such time, a written application may be made to the public entity for leave to present such a claim.

"(b) The application shall be presented to the public entity . . . within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim. The proposed claim shall be attached to the application."

[3]Section 946.6 provides in relevant part: "(a) Where an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petitioner from the provisions of Section 945.4. . . .

"(b) The petition must show (1) that application was made to the board under Section 911.4 and was denied or deemed denied, (2) the reason for failure to present the claim within the time limit specified in Section 911.2 and (3) the information required by Section 910. The petition shall be filed within six months after the application to the board is denied or deemed to be denied pursuant to Section 911.6.

"(c) The court shall relieve the petitioner from the provisions of Section 945.4 if the court finds that the application to the board under Section 911.4 was made within a reasonable time not to exceed that specified in subdivision (b) of Section 911.4 and was denied or deemed denied pursuant to Section 911.6 and that:

"(1) The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect unless the public entity establishes that it would be prejudiced if the court relieves the petitioner from the provisions of Section 945.4; . . .

"(e) The court shall make an independent determination upon the petition. The determination shall be made upon the basis of the petition, any affidavits in support of or in opposition to the petition, and any additional evidence received at the hearing on the petition. . . ."

from the claim presentation requirement of section 945.4. The trial court denied the petition, citing *Shank* v. *County of Los Angeles* (1983) 139 Cal.App.3d 152 [188 Cal.Rptr. 644]. This appeal followed.

## II.

Section 911.2 requires that a claim relating to a cause of action for death or personal injury be presented to the public entity within 100 days after accrual of the cause of action. When the injured party fails to file a timely claim, "a written application may be made to the public entity for leave to present such claim." (§ 911.4.) If the public entity denies the application, section 946.6 authorizes the injured party to petition the court for relief from the claim presentation requirement of section 945.4.

The trial court shall grant relief under section 946.6 when: (1) the application to the public entity seeking relief from the 100-day limit was made within a reasonable time; (2) failure to timely present the claim was caused by mistake, inadvertence, surprise or excusable neglect; and (3) the public entity does not demonstrate that it will be prejudiced if relief is granted. (See § 946.6, subd. (c).)[4] ▮ ▮▮▮ In determining whether relief is warranted, the court will consider the petition, any affidavits submitted in support or in opposition to the petition, and any other evidence presented at the hearing. (§ 946.6, subd. (e).)[5]

▮ The decision to grant or deny a petition seeking relief under section 946.6 is within the sound discretion of the trial court and will not be disturbed on appeal except for an abuse of discretion. (See *Ebersol* v. *Cowan* (1983) 35 Cal.3d 427, 435 [197 Cal.Rptr. 601, 673 P.2d 271].) However, the trial court's discretion to grant relief is not "unfettered." (*Martin* v. *Cook* (1977) 68 Cal.App.3d 799, 807 [137 Cal.Rptr. 434].) It is "'to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice.'" (*Ibid.*)

▮ Section 946.6 is a remedial statute intended "to provide relief from technical rules that otherwise provide a trap for the unwary claimant." (*Ebersol, supra,* 35 Cal.3d at p. 435; *Viles* v. *State of California, supra,* 66 Cal.2d 24, 30-31.) As such, it is construed in favor of relief whenever possible. (*Viles, supra,* 66 Cal.2d at pp. 32-33.)

---

[4]Section 946.6, subdivision (c) is cited in relevant part at footnote 3, *ante.*

[5]The showing required of a party seeking relief under section 946.6 is the same as that required under section 473 of the Code of Civil Procedure, which provides for relief from default. (*Viles* v. *State of California* (1967) 66 Cal.2d 24, 29 [56 Cal.Rptr. 666, 423 P.2d 818].)

The policy favoring trial on the merits is the primary policy underlying section 946.6. (*Ebersol, supra,* 35 Cal.3d at p. 435.) In order to implement this policy, any doubts should be resolved in favor of granting relief. (*Ibid.*) Consequently, where uncontradicted evidence or affidavits of the petitioner establish adequate cause for relief, denial of relief constitutes an abuse of discretion. (*Ibid.;* see also *Viles, supra,* 66 Cal.2d at p. 28, *Elston* v. *City of Turlock* (1985) 38 Cal.3d 227, 235 [211 Cal.Rptr. 416, 695 P.2d 713].) In light of the policy considerations underlying section 946.6, a trial court decision denying relief will be scrutinized more carefully than an order granting relief. (See *Ebersol, supra,* 35 Cal.3d at p. 435.)

■ Plaintiffs argue that the trial court abused its discretion in refusing to grant relief in this case. They maintain that: (1) their counsel's uncontroverted declaration showed adequate cause for relief; (2) they were prompt in applying for relief; and (3) defendant was not prejudiced by their delay in filing the claim.

First, plaintiffs argue that their attorney's failure to file a claim with the correct public entity constituted excusable neglect. ■ In deciding whether counsel's error is excusable, this court looks to: (1) the nature of the mistake or neglect; and (2) whether counsel was otherwise diligent in investigating and pursuing the claim. (See *Ebersol, supra,* 35 Cal.3d 427; *Kaslavage* v. *West Kern County Water Dist.* (1978) 84 Cal.App.3d 529 [148 Cal.Rptr. 729]; *Flores* v. *Board of Supervisors* (1979) 13 Cal.App.3d 480 [91 Cal.Rptr. 717, 55 A.L.R.3d 925].) In examining the mistake or neglect, the court inquires whether "a reasonably prudent person under the same or similar circumstances" might have made the same error. (*Ebersol, supra,* 35 Cal.3d at p. 435, citing *Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468, 476 [58 Cal.Rptr. 249, 426 P.2d 753].) In addition, "[u]nless inexcusable neglect is clear, the policy favoring trial on the merits prevails." (*Elston, supra,* 38 Cal.3d at p. 235.)

■ Here, plaintiffs' attorney made the erroneous assumption that employees of Sacramento City College were state employees. He failed to discover or remedy this error within the 100-day limitation period.

Counsel practiced law in Walnut Creek, which is approximately 75 miles from Sacramento. He has never lived in Sacramento County, nor has he practiced law there. He was not familiar with the Los Rios Community College District or Sacramento City College. Moreover, public higher education in California represents a sometimes confusing blend of state and local control and funding. For example, the Los Rios Community College District, like all community college districts, is overseen by the state Com-

munity College Board of Governors, whose members are appointed by the Governor. (Ed. Code, § 71000.) Accordingly, it would not have been unreasonable for counsel to assume that Sacramento City College was part of the statewide higher education system.

Defendant disagrees and argues that counsel's neglect was clearly unreasonable, especially since he had the opportunity to discover his error within the 100-day limitation period and did not do so. Specifically, defendant notes that it sent counsel a letter whose letterhead indicated that Sacramento City College was part of the Los Rios Community College District.

The letter to which defendant refers was a cover letter accompanying the materials Bukey sent counsel on February 15th. It listed the materials enclosed and apologized for the delay in responding to counsel's request for information. Under these circumstances, a reasonable person, after skimming the body of the cover letter, would have focused his primary attention on the enclosures. It would not be unusual for the reader to devote little, if any, attention to the letterhead. The body of the cover letter said nothing about the Los Rios Community College District. Also, following his signature, Bukey was identified only as "Director of Legal Services and General Counsel."

Counsel received the letter after he had filed his claim with the State Board of Control. Once an attorney has decided whom to sue, his attention understandably focuses on other aspects of the case. Correspondence from the opposing party discussing the merits of the case would not necessarily prompt him to reevaluate his choice of defendants.

A review of the cases in this area supports the conclusion that counsel's conduct was reasonable under the circumstances. Appellate courts have consistently reversed trial court decisions denying relief under section 946.6 in situations where the attorney's neglect was comparable to, or even more serious than counsel's neglect here.

The case that most closely parallels counsel's mistake is *Kaslavage v. West Kern County Water Dist., supra,* 84 Cal.App.3d 529. In *Kaslavage,* the attorney hired an investigator to obtain information about an accident that occurred when plaintiff dove from a pipe into a canal. Apparently, both the investigator and the attorney assumed that the water district that owned the canal also owned the pipe. Consequently, counsel presented a timely claim to the district that owned the canal. He did not learn that the pipe was owned by a different water district until after the 100-day period had elapsed.

In *Kaslavage,* a phone call to one of the owners of the land or the owner of the canal would have revealed the true owner of the pipe. However, counsel neglected to make such a call. Although the Court of Appeal in *Kaslavage* characterized counsel's error as "grave," it found excusable neglect and reversed the trial court's denial of relief.

*Flores* v. *Board of Supervisors, supra,* 13 Cal.App.3d 480, also supports plaintiffs' claim that counsel's mistake was excusable. In *Flores,* the attorney was aware of section 911.2's 100-day limit for filing a claim with a public entity. Nevertheless, he did not file the claim until 123 days after the cause of action had accrued. His explanation was simply that he had failed to open a file which would have reminded him of the 100-day deadline. The Court of Appeal found that the trial court abused its discretion in failing to excuse the attorney's neglect.

The attorney's mistake in *Flores* was more culpable than counsel's mistake here. The attorney in *Flores* knew exactly what he had to do to protect his client's interests and when he had to do it. Nevertheless, he failed to act in a timely manner. Contrast this with counsel's conduct in this case. He moved promptly in seeking relief and acted diligently in representing his clients' interests.

In determining whether an attorney's error constitutes excusable neglect, the courts also consider the attorney's overall diligence or lack thereof in addition to examining the attorney's error. (See *ante,* at p. 276.) Here, although counsel made an erroneous assumption, which led him to sue the wrong public entity, he was otherwise diligent.

Plaintiffs' counsel recognized that defendant was a public entity and moved swiftly to file a tort claim within the 100-day period. He started investigating plaintiffs' case the same day he was retained. He promptly spoke to defendant's legal advisor to request further information about the accident and immediately hired an investigator to work on the case. Within four days counsel had compiled enough information to file a claim. Since counsel's mistake here was reasonable under the circumstances and he was otherwise diligent, his neglect was excusable.[6]

---

[6]An additional factor weighing in favor of granting relief is the State Board of Control's (Board) failure to promptly notify plaintiffs that they had filed their claim with the wrong public entity. Although plaintiffs filed their claim with the Board several weeks before the 100-day period had run, the Board did not inform plaintiffs of their error until well after the 100-day period had elapsed. If the Board had acted promptly, plaintiffs could have timely filed their claim with the Los Rios Community College District.

To obtain relief under section 946.6, plaintiffs must demonstrate that they applied to the board within a reasonable period of time in addition to showing excusable neglect. (See § 946.6.) Also, the court will not grant relief if the public entity shows that it will be prejudiced by such action. (See § 946.6, subd. (c)(1).)

Plaintiffs satisfied these additional requirements for relief under section 946.6. Upon discovering that he mistakenly sued the wrong public entity, counsel promptly filed for relief from section 911.2's 100-day filing requirement. Also, defendant does not contend that it will be prejudiced by an order granting relief. These facts, when considered in conjunction with the strong policy in favor of trial on the merits, require a finding that the trial court abused its discretion when it denied plaintiffs' petition for relief under section 946.6.

Moreover, relief is appropriate here because the policy considerations that justify the 100-day claim presentation requirement were satisfied in this case. ■ The claim presentation requirement serves several purposes: (1) it gives the public entity prompt notice of a claim so that it can investigate the strengths and weaknesses of the claim while the evidence is still fresh and the witnesses are available; (2) it affords opportunity for amicable adjustment, thereby avoiding expenditure of public funds in needless litigation; and (3) it informs the public entity of potential liability so that it can better prepare for the upcoming fiscal year. (*Wadley* v. *County of Los Angeles* (1962) 205 Cal.App.2d 668, 670 [23 Cal.Rptr. 154].) ■ Counsel gave defendant actual notice that it might be sued when he phoned Bukey to request information about the accident and told him that a claim might be filed. (See *ante,* at p. 274.) This call was made well within the 100-day filing deadline and it provided the school district with notice of an impending claim. (*Ibid.*) Therefore it served the same function as would have been served by a timely claim.

■ However, defendant argues that the trial court properly denied relief in this case because the declaration submitted by plaintiffs' counsel does not provide sufficient grounds upon which to grant relief under section 946.6. A comparable challenge was made and rejected in *Nilsson* v. *City of Los Angeles* (1967) 249 Cal.App.2d 976 [58 Cal.Rptr. 20]. In that case, counsel filed his claim approximately 6 weeks late because he failed to correctly calendar the date on which the 100-day period ran. Although counsel's affidavit did not describe when and how the calendaring error occurred, or when and how he discovered the error, the appellate court reversed the trial court's denial of the petition seeking relief pursuant to section 946.6. (*Nilsson, supra,* 249 Cal.App.2d at p. 978, fn. 2.)

Here, counsel's declaration did not explain why he assumed that Sacramento City College employees worked for the state or how he finally discovered his error. However, these omissions do not by themselves provide a proper basis for denying relief. Although counsel's declaration could have been more specific, any doubts must be resolved in favor of granting relief. (*Ebersol, supra,* 35 Cal.3d at p. 435.) To hold otherwise would, in effect, totally bar plaintiffs' wrongful death action and would therefore contravene the strong public policy favoring trial on the merits. (*Ibid.*)

Relying on *Shank* v. *County of Los Angeles* (1983) 139 Cal.App.3d 152 [188 Cal.Rptr. 644], defendant also argues that counsel's failure to ascertain defendant's proper legal status from its letterhead constituted inexcusable neglect. Defendant's reliance on *Shank* is ill-founded. In *Shank,* plaintiff retained counsel to sue for injuries she received after she slipped and fell on the premises of Los Angeles County-Olive View Medical Center. Counsel failed to investigate whether the hospital was public or private and failed to file the necessary claim within the statutory 100-day period. In addition, within the limitation period, counsel in *Shank* received a letter from defendant bearing a letterhead that clearly identified the hospital as a public entity.

Defendant argues that the *Shank* court deemed counsel's neglect inexcusable because he failed to pay proper attention to the letterhead. *Shank* properly read does not so hold. Counsel's primary neglect in *Shank* was his failure to investigate whether the hospital was a public entity. It was that failure that constituted inexcusable neglect. (*Shank, supra,* 139 Cal.App.3d at p. 157.) Counsel's failure to attend more closely to the letterhead further compounded his neglect, but was not its primary component.

This case is distinguishable from *Shank.* Counsel here identified defendant as a public entity in a timely fashion. The attorney in *Shank,* however, made no effort to ascertain the public status of the defendant hospital.

Moreover, counsel's failure here to notice defendant's letterhead was excusable under the circumstances. (See, *ante,* at pp. 277-278.) First, the letter was merely a cover letter for the items to which counsel's attention was primarily directed. Second, defendant's letterhead in this case did not clearly contradict counsel's misapprehension—that Sacramento City College employees work for the state—because it merely identified the college as part of the Los Rios Community College District. It said nothing about the relationship between the Los Rios Community College District and the state. In comparison, the letterhead in *Shank,* clearly apprised counsel of the specific fact he failed to investigate—the hospital's public entity status.

Therefore, *Shank* does not compel the conclusion that counsel's neglect was inexcusable.

██ In sum, the trial court erred in failing to grant relief. Counsel made a single mistake that was reasonable under the circumstances, particularly in light of his overall diligence. His mistake was well within the range of mistakes that the courts have deemed constitute excusable neglect. Moreover, counsel sought to remedy his mistake promptly. In addition, defendant did not claim prejudice. Finally, plaintiffs provided defendant with actual notice that a lawsuit might be filed.

Accordingly, the policy favoring trial on the merits must prevail. (*Elston, supra,* 38 Cal.3d at p. 235.) Denial of relief in this action would bar plaintiffs' action for the wrongful death of their son. In view of the excusable nature of counsel's neglect, and the actual notice to defendant, such a result would not serve "the ends of substantial justice." (*Martin* v. *Cook, supra,* 68 Cal.App.3d at p. 807.) Thus, this court finds that the trial court abused its discretion when it denied plaintiffs' petition for relief from the provisions of section 945.4.[7]

Accordingly, the order of the trial court is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Mosk, J., Broussard, J., Reynoso, J., and Grodin, J., concurred.

LUCAS, J.—I concur with the majority that in the present case the trial court abused its discretion in not granting plaintiffs relief under Government Code section 946.6.[1] I write separately, however, to emphasize that, in my

---

[7]Plaintiffs also challenge section 911.2 on constitutional grounds and argue that they are entitled to relief on two other grounds—equitable tolling and substantial compliance with the statutory requirements for filing a claim against a public entity. Since this court finds that the trial court abused its discretion in refusing to grant relief, it need not address the merits of plaintiffs' other claims.

[1]I disagree, however, with the majority's suggestion that the State Board of Control (Board) acted improperly here, or that the lack of "prompt notification" by the Board of an erroneous filing is a factor weighing in favor of granting a claimant relief under Government Code section 946.6. (See *ante,* p. 278, fn. 6.) Under the Tort Claims Act (Gov. Code, § 900 et seq.) the Board has 45 days after presentation in which to act on a claim. (*Id.,* § 912.4, subd. (a).) If the Board fails to act, the claim is deemed denied as a matter of law on the last day of this period. (*Id.,* subd. (c).) While written notice of such a rejection must be provided to the claimant (*id.,* § 913), no time limit is prescribed in which the Board must act. (See *Edgington* v. *County of San Diego* (1981) 118 Cal.App.3d 39, 45 [173 Cal.Rptr. 225]; Cal. Law Revision Com. com., West's Ann. Gov. Code, § 945.6, p. 597.) Rather, the notification requirement serves to trigger the applicable statute of limitations period

view, a reviewing court may not find an abuse of discretion merely because the reviewing court itself would find that uncontradicted evidence established an adequate cause for relief.

Early on, this court explained what was meant by the concept of legal discretion: "The discretion intended . . . is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is . . . to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice . . . . [I]ts exercise is limited to doubtful cases, where an impartial mind hesitates." (*Bailey* v. *Taaffe* (1866) 29 Cal. 422, 424.) Hence, it has been long established that an abuse of discretion occurs only when the court's decision "exceeds the bounds of reason" or "contravenes" the uncontradicted evidence. (*State Farm etc. Ins. Co.* v. *Superior Court* (1956) 47 Cal.2d 428, 432 [304 P.2d 13]; *Baypoint Mortgage Corp.* v. *Crest Premium Real Estate etc. Trust* (1985) 168 Cal.App.3d 818, 824 [214 Cal.Rptr. 531].)

The majority, however, states that "where uncontradicted evidence or affidavits of the petitioner establish adequate cause for relief, denial of relief constitutes an abuse of discretion." (*Ante,* p. 276.) Thus, as I understand it, if the reviewing court determines that the uncontradicted evidence establishes adequate cause for relief, then the trial court's denial of relief is an abuse of discretion even if the evidence is reasonably susceptible of a different interpretation leading to the conclusion that adequate cause was not established.

The majority's formulation improperly erodes the discretion which has been traditionally the province of the trial court. (See *Elston* v. *City of Turlock* (1985) 38 Cal.3d 227, 239-242 [211 Cal.Rptr. 416, 695 P.2d 713] [dis. opn. by Lucas, J.].) As one appellate court correctly observed, "[T]he discretion to be exercised is that of the trial court, not that of the reviewing court. Thus, even if the reviewing court might have ruled otherwise in the first instance, the trial court's order will yet not be reversed unless, as a matter of law, it is not supported by the record. [Citation.]" (*Martin* v.

---

within which a claimant may file suit against the public entity, namely, "not later than six months after the date [of] such notice" (*id.,* § 945.6, subd. (a)(1)), or if no notice is given, "within two years from the accrual of the cause of action" (*id.,* subd. (a)(2)).

Hence a claim for relief under Government Code section 946.6 may not be premised on or supported by the mere failure of the Board to give "prompt" notification. Moreover, in the present case, the Board's 45-day period in which to consider plaintiffs' claim did not expire until *after* plaintiffs' 100-day filing period had run. Clearly, the Board's conduct here should not be considered a factor weighing in favor of granting plaintiffs relief from their untimely filing.

*Johnson* (1979) 88 Cal.App.3d 595, 604 [151 Cal.Rptr. 816]; see *Estate of Parker* (1921) 186 Cal. 671, 672-673 [200 P. 620].) Obviously, even un-contradicted evidence may be susceptible of more than one reasonable interpretation. Simply because, in the judgment of the reviewing court, the record establishes adequate cause for relief does not necessarily mean that the trial court's denial of such relief was erroneous. Rather, only when the trial court's decision "contravenes" the uncontradicted evidence, i.e., where the uncontradicted evidence is susceptible to only one reasonable interpretation, may the reviewing court find an abuse of discretion.

I recognize the important policy favoring trial on the merits, and believe that this interest is a proper factor for a reviewing court to consider in deciding whether the trial court exercised its discretion "in conformity with the spirit of the law." I do not believe, however, that an exercise of this discretion should be reversed simply because the reviewing court disagrees with the trial court's adequate cause determination. The trial court's exercise of discretion should be reversed on appeal only when in light of the evidence and applicable legal principles it appears unreasonable.

Panelli, J., concurred.