Filed 7/13/15  Vara v. Los Angeles County MTA CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ENRICO VARA,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY,<br><br>    Defendant and Respondent. | B257948<br><br>(Los Angeles County<br>Super. Ct. No. BC517296) |

APPEAL from an order of the Superior Court of Los Angeles County. Samantha P. Jessner, Judge.  Reversed and remanded.

Jahrmarkt & Associates, John Jahrmarkt for Plaintiff and Appellant.

Briskin, Latzanich & Pene, Katherine B. Pene for Defendant and Respondent.

_____

A pedestrian sued a municipality after tripping over a metal tube protruding from a public sidewalk. He petitioned the trial court for permission to file a late claim against the county, after discovering that the metal object belongs to it. (Gov. Code, § 946.6.)[1] We reverse the trial court's denial of the petition. Plaintiff acted with reasonable haste, and disallowing his late claim defeats the remedial purpose of the statute.

## FACTS

In February 2013, Enrico Vara tripped and fell over a metal object protruding a few inches from a public sidewalk at a bus stop on Olympic Boulevard in Los Angeles; it appeared to be part of a street sign. He injured his leg and knee. Vara submitted a timely damage claim to the City of Los Angeles (the City), then filed a personal injury lawsuit against the City on August 6, 2013. The six-month period for making a government claim expired August 7, 2013.

In November 2013, Vara learned that the metal object is a sign sleeve belonging to respondent Los Angeles County Metropolitan Transportation Authority (MTA). That month, the City sought indemnification from MTA in a cross-complaint, and Vara submitted a claim to the MTA that was denied as untimely. On January 21, 2014, Vara requested permission to file a late claim; MTA denied his request three days later.

In March 2014, Vara petitioned the trial court for permission to file a late claim against MTA. He argued that he presented a timely tort claim to the City, the entity responsible for sidewalk safety, and had no way of knowing that the metal fragment belonged to MTA. Vara maintained that there was surprise and excusable neglect on his part. He noted that MTA answered the City's cross-complaint and participated in his deposition. MTA countered that Vara rode an MTA bus daily, and always alit at the location where he fell, so he should have known that the unlabeled metal object was an MTA sign sleeve. It argued that Vara and his attorney did not diligently discover that an MTA sign was placed in the metal sleeve after Vara was injured.

---

[1] All undesignated section references in this opinion are to the Government Code.

2

## THE TRIAL COURT'S RULING

The court acknowledged its discretion to grant or deny a petition for relief. It found that when Vara filed suit, he reasonably thought the City was solely liable for defective conditions on public streets, and did not know that the two-inch metal sleeve belonged to MTA, when it was in the middle of a City sidewalk. Vara's failure to inquire into the liability of others was the result of surprise or excusable neglect.[2]

After discovering MTA's involvement in November 2013, Vara did not file an application to present a late claim with MTA until January 2014, and did not explain the two-month delay. Counsel's failure to apply promptly for permission to file a late claim "was in error." The court denied Vara's petition on the ground that he did not act within a reasonable time after learning that MTA was a potential joint tortfeasor.

## DISCUSSION

A claimant may seek judicial relief within six months after a public entity denies leave to present a late claim. (§ 946.6, subd. (b).) The court "shall relieve" the petitioner if it finds that (1) application to file a late claim was made to the public entity "within a reasonable time" not to exceed one year from the date the cause of action accrued; (2) failure to present the claim was caused by mistake, inadvertence, surprise or excusable neglect; and (3) the public entity would not be prejudiced. (*Id.*, subd. (c); § 911.4, subd. (b).) Appeal lies from an order denying leave to file a late claim against a government entity. (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1772, fn. 1.)

Section 946.6 is "a remedial statute intended to provide relief from technical rules which otherwise provide a trap for the unwary. The remedial policy underlying the statute is that wherever possible cases should be heard on their merits. Thus, a *denial* of such relief by the trial court is examined more rigorously than where relief is granted and

---

[2]     MTA erroneously claims that the petition was denied due to insufficient evidence of surprise or excusable neglect. The trial court found against MTA on this issue and MTA did not cross-appeal; therefore, the argument is not reviewable. (*Kardly v. State Farm Mut. Auto. Ins. Co.* (1995) 31 Cal.App.4th 1746, 1748-1749, fn. 1.)

any doubts which may exist should be resolved in favor of the application." (*Munoz*, *supra*, 33 Cal.App.4th at p. 1778; *Spencer v. Merced County Office of Education* (1997) 59 Cal.App.4th 1429, 1436.) While the court's ruling is reviewed for an abuse of discretion, this "does not preclude reversal of an order denying relief where adequate cause for relief is shown by uncontradicted evidence or affidavits of the petitioner, nor should it be employed to defeat the liberal policies of remedial statutes designed for that purpose." (*Viles v. State of California* (1967) 66 Cal.2d 24, 28-29; *Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 275-276.)

Vara filed his petition for relief with the trial court two months after MTA denied his application for leave to file a late claim. He has satisfied the statutory requirement that a petition be filed within six months, and also satisfied the jurisdictional requirement that his application be filed within a year after his claim accrued. The trial court accepted Vara's explanation that he could not immediately determine who was responsible for a two-inch metal sleeve protruding from a public sidewalk. We cannot revisit the trial court's determination that Vara's failure to submit an initial claim to MTA resulted from surprise or excusable neglect.

The sole issue is whether Vara's late-claim application was "made within a reasonable time" after he discovered that MTA is a possible tortfeasor. Vara discovered MTA's involvement in November 2013 and promptly submitted a claim to MTA that month. The only delay was the two-month gap between Vara's initial claim and his application to MTA for leave to file a late claim, in January 2014.

Statutes requiring timely presentation of claims are intended "to give the governmental entity notice and an opportunity to investigate and settle meritorious claims." (*Viles v. State of California*, *supra*, 66 Cal.2d at p. 32.) MTA had actual notice of Vara's claim in November 2013, when (1) Vara submitted a late claim and (2) the City sued MTA for indemnification. MTA *is already a party to this litigation,* and is slated to

4

go to trial this year as cross-defendant. MTA is not prejudiced by having to defend the complaint, as well as the cross-complaint, as both arise from the same set of facts.[3]

In *Bettencourt v. Los Rios Community College Dist.*, *supra*, 42 Cal.3d 270, the Supreme Court held that the trial court abused its discretion by denying relief to a plaintiff whose attorney diligently commenced an investigation, but mistakenly sued the wrong public entity. Though the attorney failed to file a timely claim, the defendant received actual notice that it might be sued when plaintiff's counsel called to request information about the accident. (*Id.* at pp. 276-278.) The court wrote, "[a]ppellate courts have consistently reversed trial court decisions denying relief under section 946.6 in situations where the attorney's neglect was comparable to, or even more serious than counsel's neglect here." (*Id.* at p. 277.)

The error of Vara's counsel in submitting a late claim in November 2013—as opposed to submitting an application to file a late claim—is not determinative. Counsel acted diligently when he discovered MTA's ownership of the metal sleeve protruding from the City's sidewalk, giving actual notice by filing a claim describing the incident, while neglecting to first obtain permission to file the claim. The two-month lapse between MTA's rejection of the untimely claim and Vara's submission of an application to file a claim is immaterial, because during that period MTA was actively participating in the litigation. Indeed, MTA served its answer to the cross-complaint on Vara's attorney on November 26, 2013, so there is no point in pretending that MTA "lacked notice" of Vara's claim until January 2014. The evidence is uncontradicted.

We shall follow "the modern trend of judicial decisions in favor of granting relief unless absolutely forbidden by statute." (*Viles v. State of California*, *supra*, 66 Cal.2d at p. 33.) MTA's denial of Vara's application to file a late claim was disingenuous, as MTA formally appeared in this lawsuit two months before it denied the application. The trial court compounded the error by denying Vara relief under the circumstances, thereby

---

**3**      MTA admits in its brief that it has filed a cross-complaint seeking indemnity, apportionment and declaratory relief against culpable parties.

5

impeding or defeating the ends of substantial justice. (*Bettencourt v. Los Rios Community College Dist.*, *supra*, 42 Cal.3d at p. 275.)

## **DISPOSITION**

The trial court's order denying plaintiff Enrico Vara leave to file a late tort claim is reversed and the cause is remanded for further proceedings consistent with this opinion. Defendant Los Angeles County Metropolitan Transit Authority shall reimburse plaintiff for his costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


CHAVEZ, J.


HOFFSTADT, J.