[Civ. No. 671.    Fifth Dist.    Dec. 7, 1966.]

MILTON MILLER, Plaintiff and Appellant, v. KENNETH W. HOAGLAND, Defendant and Respondent.

Milton Miller, in pro. per., for Plaintiff and Appellant.

Borton, Petrini, Conron & Brown and Walter H. Condley for Defendant and Respondent.

CONLEY, P. J.—Two days before the trial court announced its decision in the case of City of Bakersfield v. Miller (Kern County No. 81886, the judgment in which was later affirmed by the Supreme Court—*City of Bakersfield* v. *Miller,* 64 Cal.2d 93 [48 Cal.Rptr. 889, 410 P.2d 393]), the defendant herein, Kenneth W. Hoagland, City Attorney of Bakersfield, and one of its attorneys of record in that case, wrote a letter in the nature of an informal brief to the Honorable John Locke, Judge of the Superior Court of Tulare County, who had been assigned to try the case by the Chairman of the Judicial Council. A copy of the letter was served by mail on Messrs. Vizzard, Baker, Sullivan & McFarland, who were at that time, attorneys of record for Milton Miller. Mr. Miller alleges that facts were misrepresented in the document with a fraudulent intent on the part of Mr. Hoagland to deceive and mislead the trial judge so that he would decide the case in the city's favor, and that the judge relied upon the letter although no opportunity was given to Mr. Miller to answer it. The letter was dated May 25, 1964, and the minute order for judgment was made on May 27, 1964.

There can be no question but that at all of the times mentioned in the complaint Mr. Hoagland was City Attorney of Bakersfield, and that he represented that city as attorney of record in the case. The contention is made by appellant, however, that, in writing and sending the letter, Mr. Hoagland had departed from the legitimate area of his duties and that he therefore was acting as a private citizen within the limits of his representation as an attorney in the case. This contention by Mr. Miller is based on the argument that a governmental employee who substantially deviates from the scope of his employment is no longer protected by the government tort

liability act as a public employee, but is liable as a private person for any tort committed by him.

Notwithstanding the contrary contention of appellant, it is apparent from the pleading itself that Mr. Hoagland was acting as city attorney in writing the letter as a part of his services to his client in the case of City of Bakersfield v. Miller, and, therefore, the immunities set forth in the 1963 California Tort Claims Act protected him. In the early pleadings, Hoagland is designated as ''City Attorney, Defendant,'' and it is therein alleged that he was engaged as city attorney and represented Bakersfield in an injunctive suit against plaintiff. In the final amended complaint, he is treated by the pleader, without justification, as a private person. It clearly appears that Mr. Hoagland was acting for the City of Bakersfield within the scope of his employment when he wrote the letter. (See *Hardy* v. *Vial*, 48 Cal.2d 577 [311 P.2d 494]; *Reverend Mother Pauline* v. *Bray*, 168 Cal.App.2d 384 [335 P.2d 1018]; *Tietz* v. *Los Angeles Unified School Dist.*, 238 Cal.App.2d 905 [48 Cal.Rptr. 245].)

It is conceded that Mr. Miller never complied with the law requiring that a claim be filed against the city before an action could be initiated against any of its employees acting in the course and within the scope of their employment.

The original complaint alleged that the city attorney aided and abetted the City of Bakersfield with the intention of influencing the judge when he wrote the letter; a demurrer was filed; Mr. Miller filed what he termed an answer to the demurrer, and later he prepared and served an amendment to the complaint; a second demurrer was interposed; appellant then filed an amended complaint which averred that the city attorney was acting outside the scope of his employment and could not claim immunity under the Government Code; plaintiff alleged that Mr. Hoagland was being sued only as an individual for an intentional tort. The trial judge sustained the demurrer without leave to amend on the ground that the code sections establishing immunity, in the absence of a claim against the city, were applicable, and that no such claim had ever been filed. The minute order read as follows: ''In matter heretofore submitted, Demurrer to Amended Complaint sustained without leave to amend because Plaintiff has not and cannot plead compliance with the Claim Law, Government Code Sections 950.2 and 911.2. Amended Complaint does not state facts to constitute a Cause of Action. *Hardy* v. *Vial*, 48 Cal.2d 577 [311 P.2d 494] and *Lipman* v. *Brisbane Ele-*

*mentary School Dist.*, 55 Cal.2d 224 [11 Cal.Rptr. 97, 359 P.2d 465]. Although the Court has sustained the demurrer without leave to amend because of immunity as set out in the cases cited, the court further feels that there is no cause of Action because the act complained of is not a tort. The Motion to Strike is dropped." A judgment in accordance with the minute order was thereafter filed providing that plaintiff take nothing by his action and that costs be awarded to Mr. Hoagland.

The crux of the appeal, of course, is the letter, a copy of which is attached to the complaint. It is written on the stationery of the City of Bakersfield, carrying Kenneth W. Hoagland's name as city attorney, and headed "Office of City Attorney — City Hall — Bakersfield, California . . ."; it referred throughout to the then pending case and in form was worded in lawyerly language. It purported to be an answer to certain observations and alleged "misstatements of facts" appearing in the closing brief which shortly before had been filed on behalf of Mr. Miller; it also discussed the holding in one of the cases which had been cited. The letter closes with the following sentences: "We believe a perusal of the transcript depositions and records will indicate the absurdity of some of the statements in defendants' latest brief.

"We beg indulgence of your honor to bring to your attention some of the more obvious misstatements made in connection with this case by the defendants."

The communication, in form, is much like other letter briefs, which are written to courts by attorneys for litigants in cases submitted on briefs and which are duly served, as here, upon the opposing side. The purpose and intent of such letters is to correct what the writer presumably believes are errors, or misconstructions, in the latest formal brief filed by the opposition.

The City of Bakersfield had filed a complaint in case No. 81886 praying for an injunction against Mr. Miller, individually, and in his capacity as trustee of the Padre Hotel trust, alleging that the building was unsafe from fire danger; Mr. Miller had answered and cross-complained and the case had been tried and ordered submitted on briefs. He was represented by Messrs. Vizzard, Baker, Sullivan & McFarland, a Bakersfield firm, and Mr. Hoagland, as city attorney, had appeared for the city; Judge Locke presided, sitting without a jury.

The defendant's position relative to the complaint is in

large part based on the failure of Mr. Miller to allege compliance with the claim requirements set forth in the Government Code (Gov. Code, tit. 1, div. 3.6, p. 3), and also on his failure to observe the statutory immunity granted to a city and its employees under the 1963 Tort Claims Act (Gov. Code, §§ 818.8, 821.6, and 822.2).

Appellant's argument for a reversal of the judgment is wholly untenable. Compliance with the claim requirement of the apposite Government Code sections was essential but completely disregarded. A claim for damages to real property had to be presented to the city within one year from the accrual of the cause of action. Section 905 of the Government Code requires that claims be presented in actions for money or damages against local public entities, except in certain specific instances; section 911.2 of the Government Code prescribes that a claim for death, or for injury to persons or personal property or growing crops must be presented not later than the 100th day after the accrual of the cause of action, and that a claim relating to any other cause of action must be presented not later than one year after its accrual. Section 950.2 of the Government Code states: "Except as provided in Section 950.4, a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred under Part 3 . . . of this division or under Chapter 2 . . . of Part 4 of this division. This section is applicable even though the public entity is immune from liability for the injury." (See Van Alstyne, Cal. Government Tort Liability (Cont. Ed. Bar, 1964) § 8.14, p. 368.)

Mr. Miller's argument that Mr. Hoagland committed an intentional tort and thus acted outside the scope of his employment and that as a private person he should be liable within the one year statute of limitations (Code Civ. Proc., § 340, subd. 3) for personal wrongs would be of no help to him, even if it were true; the allegedly slanderous letter was dated May 25, 1964, and a copy of it was sent to, and received in due course by, his attorneys; notice to an attorney in such circumstances is notice to his client; the action was commenced July 14, 1965, more than a year after the letter was written and after the minute order was entered disposing of the case. The year runs from the date of the commission of the tort; the bar of the statute of limitations was correctly pleaded in the demurrer to the amended complaint.

▊ Even though Miller, as a pleader, used such words as malice and maliciously, the protection of immunity is not destroyed through the mere use of terms such as those contained in the amended complaint. The 1963 California Tort Claims Act extends immunity to public employees even if discretion is abused by them, and even if their act is malicious and without probable cause, or is an intentional tort. (See Gov. Code, §§ 820.2, 821.6, 822.2, 820.4, 820.6 and 820.8; *Tietz* v. *Los Angeles Unified School Dist., supra,* 238 Cal.App.2d 905, 911-912.)

Statements contained in the letter were the result of the exercise of discretion on the part of City Attorney Hoagland, even if the constructions adopted by him were erroneous, or were malicious, or were the result of an abuse of discretion. Section 820.2 of the Government Code states: ''Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused.'' Section 821.6 of the Government Code states: ''A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause.''

▊ Another relevant fact should be noted in passing. Originally, Mr. Miller sued individually and as trustee of the Hotel Padre trust. After the trial judge apparently questioned whether he was not acting as an attorney for the beneficiaries, Mr. Miller as trustee executed a deed of the hotel property to himself as an individual and continued the action thereafter as an individual party. The deed is in the record; it contains no assignment of the cause of action. Respondent states that while the right is assignable to sue for damages for injury to real property which occurs before a conveyance, such right does not pass by the bare conveyance alone; in order to be effective, there must also be a specific assignment in the deed of any existing cause of action. (See 23 Am.Jur.2d, Deeds, § 260, p. 296; *In re Witherill's Estate,* 178 Ore. 253 [166 P.2d 129, 132]; *Terry* v. *C. B. Contracting Co.* (Mo.App.) 388 S.W. 2d 349; *Moore* v. *City of Lancaster,* 212 Pa. 642 [62 A. 100, 2 L.R.A. N.S. 819]; *Irvine* v. *City of Oelwein,* 170 Iowa 653 [150 N.W. 674]; 26 C.J.S., Deeds, § 106, p. 908.) As the writing of the letter by defendant took place prior to the delivery of the deed, and as there is no allegation that the instrument

purports to convey any right of action which may have existed, another reason is furnished why Mr. Miller's suit is unavailing.

The appellant's attack on the constitutionality of the 1963 California Tort Claims Act is unsound. (*Wadley* v. *County of Los Angeles,* 205 Cal.App.2d 668 [23 Cal.Rptr. 154]; *Bleamaster* v. *County of Los Angeles,* 189 Cal.App.2d 274 [11 Cal.Rptr. 214].)

The judgment is affirmed.

Stone, J., and Gargano, J., concurred.