**Willy H. WILLIS, Appellant,**

v.

**Thomas B. REDDIN et al., Appellees.**

**No. 23418.**

United States Court of Appeals
Ninth Circuit.

Nov. 10, 1969.

Willy H. Willis, pro per.

Roger Arnebergh, City Atty., John A. Daly, Asst. City Atty., Lowell M. Ramseyer, Deputy City Atty., Los Angeles, Cal., for appellees.

Before HAMLIN and DUNIWAY, Circuit Judges, and SMITH,* District Judge.

SMITH, District Judge:

This is an appeal from a judgment entered following an order sustaining appellees' motion to dismiss.

The complaint alleges that the appellees, four police officers, acting under color of state law, arrested appellant, took him to the police station and removed from appellant's person $178.00. It is alleged that the money was taken to prevent appellant from making bail and that such action was motivated by the fact that appellant was a poor and indigent Negro.

First we face the problem of jurisdiction. Appellees argue that since nothing is involved but a property right, this is not an action to enforce civil rights and cite in support of their position Howard v. Higgins, 379 F.2d 227 (10 Cir.1967) holding that a complaint against a sheriff to recover $500.00, the value of the personal property which the defendant, acting as sheriff, took from a prisoner, did not state a jurisdictional cause under 28 U.S.C. § 1343(3). If the broadly stated allegations of the complaint are true, and for the purposes of the motion to dismiss we must assume them to be, then the case involves something more than money—it involves acts done under color of state law by policemen which were calculated to deprive appellant of his right to bail because he was a Negro. In DeWitt v. Pail, 366 F. 2d 682 (9 Cir.1966) the confiscation of plaintiff's legal papers was held to be more than the taking of chattels and was treated as a denial of due process because of the possibility that the taking could frustrate plaintiff's efforts to appeal. Here the taking of the money may have resulted in a denial to a Negro of a right to bail which would have been enjoyed by a white. In any event, if the complaint be construed with the particular liberality required where the pleader is a layman,[1] we cannot say that it does not state a sufficient claim for a violation of the appellant's right to equal protection to confer jurisdiction upon the court. In this view of the complaint we are not called upon to decide whether we are in agreement with Howard v. Higgins, *supra*.[2] Having jurisdiction

---

* Honorable Russell E. Smith, United States District Judge, District of Montana, sitting by designation.

1. DeWitt v. Pail, supra.

2. See Bell v. Hood, 327 U.S. 678, 681, 66 S.Ct. 773, 775, 90 L.Ed. 939, 13 A.L.R.2d 383 (1946) where the Supreme Court said "the party who brings a suit is master to decide what law he will rely upon and * * * does determine whether *he* will bring a 'suit arising under' the * * * [Constitution or laws] of the United States by his declaration or

bill." In Bell the Supreme Court reversed the Court of Appeals for the Ninth Circuit which had sustained a dismissal for lack of jurisdiction. The Supreme Court held that the district court did have jurisdiction to determine whether the complaint stated a violation of a federally protected right. Subsequently the District Court determined that although the plaintiffs may have had common law rights they had none which were federally protected. See Bell v. Hood, 71 F. Supp. 813 (S.D.Cal.1947). See also: Joe Louis Milk Co. v. Hershey, 243 F.

should the Court have dismissed the action? We think not.

The district court concluded that the notice and time requirements of the California Tort Claims Act were applicable here and dismissed the action. The events of which the plaintiff complains occurred in 1967 and this action was filed in 1968. In Smith v. Cremins, 9 Cir., 308 F.2d 187, 98 A.L.R.2d 1154 (1962) this court, in the absence of a federal statute of limitations, held that the three year California "liability created by statute" limitation was applicable to civil rights actions. Notwithstanding the subsequent enactment of the California Tort Claims Act, we think the rule of Smith v. Cremins is still applicable and reverse.

■■ At an earlier time, when the rule applying state limitations to federally created rights was still the subject of argument, the Supreme Court of the United States noted in stating the reasons for accepting the state rule: "Is it [the statute of limitations] a plea that settles the right of a party on a contract or judgment or one that bars the remedy? Whatever diversity of opinion there may be among jurists upon this point, we think it well settled to be a plea to the remedy, and consequently that the *lex fori* must prevail." Campbell v. City of Haverhill, 155 U.S. 610, 618, 15 S.Ct. 217, 220, 39 L.Ed. 280 (1895). Where Congress has not fixed a limitation period the federal judiciary fashions this remedial detail within a framework of familiar legal principles. Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743, 162 A.L.R.

719 (1945). A state statute of limitations will not be applied where the effect is to qualify a federally created right. McAllister v. Magnolia Petroleum Co., 357 U.S. 221, 78 S.Ct. 1201, 2 L.Ed.2d 1272 (1958).

We turn to the California Tort Claims Act. It is, as its name implies, an act waiving in some instances the sovereign immunities of certain public entities. It obligates the public entities to pay judgments rendered against officers and employees acting within the scope of their employment.[3] It also requires that claims of the character here asserted be presented to the public entity within 100 days after the accrual of the cause[4] and that the action (with certain exceptions) be commenced within six months after the claim is acted upon. The Act further provides that an action against a public employee is barred if the action against the public entity for the same injuries is barred.[5]

■ In California statutes or ordinances which condition the right to sue the sovereign upon timely filing of claims and actions are more than procedural requirements. They are elements of the plaintiff's cause of action[6] and conditions precedent to the maintenance of the action.[7] When the action is against the public employee rather than the public entity such statutes are given the same effect.[8]

■ While it may be completely appropriate for California to condition rights which grow out of local law and which are related to waivers of the sovereign immunity of the state and its public entities, California may not im-

---

Supp. 351, 354 (N.D.Ill.1965) wherein the court said: "Experience teaches that the wiser and better practice is for the court to assume jurisdiction for the purpose of determining whether the complaint states a claim upon which relief can be granted."

3. Cal.Gov.Code § 825.

4. Cal.Gov.Code § 911.2.

5. Cal.Gov.Code § 950.2, Hopper v. Allen, Cal.App., 72 Cal.Rptr. 435 (1968); Miller v. Hoagland, 247 Cal.App.2d 57, 55 Cal.Rptr. 311 (1966).

6. Redlands High School Dist. et al. v. Superior Court, 20 Cal.2d 348, 125 P.2d 490 (1942).

7. Illerbrun v. Conrad, 216 Cal.App.2d 521, 31 Cal.Rptr. 27 (1963).

8. Illerbrun v. Conrad, supra; Miller v. Hoagland, supra.

pair federally created rights or impose conditions upon them. Were the requirements of the Tort Claims Act nothing more than procedural limitations we would in fashioning the remedial details applicable to the federally created right involved here, determine whether the California courts would apply the requirements of the California Tort Claims Act. However since the requirements of that Act, under the interpretations of the California courts, condition the right, we think it would be singularly inappropriate to fashion a federal procedural detail by any reference to it.

The judgment is reversed and the cause remanded for further proceedings consistent herewith.