956 F.2d 1167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Asuquo NKOP, Plaintiff-Appellant,
v.
CITY AND COUNTY OF SAN FRANCISCO, et al, Defendant-Appellee.
 No. 90-16700.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1992.*
Decided March 3, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Asuquo Nkop appeals pro se the district court's order dismissing his fourth amended complaint with prejudice pursuant to Fed.R.Civ.P. 12(b)(6) in his reprisal and race discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq. ("Title VII"). Nkop contends that the district judge erred by: (1) dismissing his complaint for failure to state a claim for which relief could be granted; (2) failing to allow him to amend his complaint; (3) denying his motion to appoint counsel; (4) failing to bring his cases to trial within 120 days and to appoint a master; (5) allowing his state court action to be removed to federal court; and (6) failing to disqualify herself because she was biased against him. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 I. Dismissal
 
 3
 "We review de novo dismissal of a complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Arcade Water District v. United States, 940 F.2d 1265, 1267 (9th Cir.1991). Construing Nkop's pro se complaint liberally, we must determine whether it appears beyond a doubt than Nkop can show no set of facts that support his claims. See Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986) (Johnson ). We can consider whether the factual surroundings to the complaint supplement or correct deficiencies in the pro se pleading. See Jones v. Community Redevelopment Agency, 733 F.2d 646, 649-50 (9th Cir.1984).
 
 
 4
 To prevail on a disparate treatment theory based on a violation of Title VII, the plaintiff must prove that the employer "intended to discriminate against him in the dismissal." Jurado v. Eleven-Fifty Corporation, 813 F.2d 1406, 1409 (9th Cir.1987). The employee must allege "specific facts" to establish a prima facie case of disparate treatment which gives rise to an inference of race discrimination. Id. "An employer violates Title VII by retaliating against an employee who has 'opposed any practice made an unlawful employment practice' under Title VII." Id. at 1411 (quoting 42 U.S.C. § 2000e-3(a)). Retaliation claims are analyzed by the same standard used to analyze disparate treatment claims under Title VII. Id.
 
 
 5
 Here, Nkop, a former clerical employee of San Francisco General Hospital, violated written rules and repeatedly did not report to work during the period in question.[1] Nkop received at least two suspensions stemming from, among other things, intemperate language, insubordination and inattention to duty.[2] Nkop, a college graduate, refused to perform routine janitorial and clerical duties based on his belief that these duties were beneath him. In his long and rambling complaint, Nkop failed to allege facts showing that he was treated differently from other clerical employees with similar attendance and disciplinary problems. Aside from his own conclusory and general allegations, he failed to allege any set of facts supporting his claim of discrimination based on race or retaliation. See Johnson, 781 F.2d at 771. Therefore, the district court did not err by concluding that Nkop failed to state a claim of discrimination and properly dismissed his complaint. See id.
 
 II. Leave to Amend
 
 6
 "We strictly review for an abuse of discretion the denial of leave to amend pleadings after a responsive pleading has been filed." Jones, 733 F.2d at 650.
 
 
 7
 Fed.R.Civ.P. 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." Further, " 'an action should not be dismissed for lack of jurisdiction without giving the plaintiff an opportunity to be heard unless it is clear the deficiency cannot be overcome by amendment.' We will not, however, allow 'futile amendments.' " Here, the district court dismissed with prejudice all of Nkop's claims. In the dismissal order, the district court noted that Nkop had at least three opportunities to amend his complaints prior to the dismissal with prejudice. Nkop filed two amended complaints in C-89-0989 and one amended complaint in C-89-4340.[3] Nevertheless, the district court determined that Nkop failed to state a claim for which relief could be granted and denied further leave to amend.
 
 
 8
 The amended complaints were similar to the initial two complaints and "contain[ed] only 'conclusionary allegations, unsupported by facts.' " See Jones, 733 F.2d at 650 (quoting Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir.1977)). Nkop continually failed to allege specific facts upon which relief could be granted. See id. Therefore, the district court did not abuse its discretion in dismissing these actions. See Jones, 733 F.2d at 651.
 
 III. Appointment of Counsel
 
 9
 We review for abuse of discretion the district court's denial of appointment of counsel. Johnson v. Department of Treasury, 939 F.2d 820, 824 (9th Cir.1991).
 
 
 10
 The district court may appoint counsel for a Title VII plaintiff in such circumstances as the court deems just. 42 U.S.C. § 2000e-5(f)(1). The following three factors are relevant in determining whether to appoint counsel: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his own; and (3) the meritoriousness of plaintiff's claim." Ivey v. Board of Regents of University of Alaska, 673 F.2d 266, 269 (1982).
 
 
 11
 Here, the district court permitted Nkop to proceed in forma pauperis, which satisfied the first requirement. See id. Nkop, dissatisfied with the performance of his private attorney, removed him from the case. Nkop offers no evidence that he sought and was unable to obtain new counsel. See id. Further, as discussed above, Nkop failed to state a claim upon which relief could be granted, and the district court did not err by determining that this job discrimination claims were meritless. See id. Therefore, the district court did not abuse its discretion by denying Nkop's motion for appointment of counsel. See id.
 
 IV. Appointment of a Master
 
 12
 We review for abuse of discretion a district court's decision regarding appointment of a special master. United States v. Suquamish Indian Tribe, 901 F.2d 772, 774 (9th Cir.1990).
 
 
 13
 "Reference to a master is the 'exception, not the rule.' Fed.R.Civ.P. 53(b). Appointment of a master is reserved for extremely complex cases."[4] Yeseta v. Baima, 837 F.2d 380, 387 (9th Cir.1988).
 
 
 14
 Nkop argues that because the district court failed to bring his cases to trial within 120 days, "it becomes compulsory to appoint a [m]aster to help in getting the case ready for trial...." See Appellant's Opening Brief at 21. This argument is meritless. Although Nkop filed a staggering amount of pleadings below, most of which the defendants opposed, the determination of whether a claim upon which relief could be granted was not so complex that it could not be determined by the district court. See Yeseta, 837 F.2d at 387. Therefore, the district court did not abuse its discretion by failing to appoint a master. See id.
 
 V. Removal
 
 15
 We review for clear error a district court's order denying remand after removal under the artful pleading doctrine. Sullivan v. First Affiliated Securities, Inc., 813 F.2d 1368, 1371 (9th Cir.) (citation omitted), cert. denied, 484 U.S. 850 (1987).
 
 
 16
 Under 28 U.S.C. § 1441(a), a suit can be removed to federal court if it could have been brought there originally.[5] Id. "Federal district courts have original federal question jurisdiction of actions 'arising under the Constitution, laws, or treaties of the United States.' " Id. (quoting 28 U.S.C. § 1331). Federal jurisdiction arises under section 1331 if a federal question is presented on the face of the complaint.[6] Id.
 
 
 17
 Here, Nkop filed the lead case, No. C-89-0989, in district court alleging federal remedies for Title VII violations. While the federal action was pending, Nkop filed a second action, No. 913-127, arising out of the same events and against the same defendants in state court. The second action was identical to the lead case, except that state statutes were substituted as the basis for his remedies.[7] The government removed the second action to district court on the ground that the alleged state claims were violations of federal civil rights laws.
 
 
 18
 Nkop contends that removal was improper because the state action relied solely on state law for relief. This contention is without merit. On the face of the second complaint, Nkop alleged state law claims on the same operative facts of the first action. The second action sought reinstatement and back pay. None of the state statutes pleaded by Nkop provided these remedies. Thus, although Nkop artfully pleaded his second action under state law, the relief was exclusively governed by federal law. Because the only remedy available to Nkop was federal, the case was removable to district court regardless of what was in the pleading. See Sullivan, 813 F.2d at 1372. Therefore, the district court did not err by denying the motion for remand. See id.
 
 VI. Disqualification of the District Judge
 
 19
 We review for abuse of discretion the denial of a recusal motion. Sewer Alert Committee v. Pierce County, 791 F.2d 796, 798 (9th Cir.1986).
 
 
 20
 A motion for recusal of a judge pursuant to 28 U.S.C. § 144 will be granted only upon a showing of bias or prejudice from an extrajudicial source.[8] Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir.1988). The judge against whom the motion for recusal is filed may determine the legal sufficiency of the affidavit. United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986).
 
 
 21
 Here, Nkop filed a motion for recusal alleging personal bias and prejudice against him. In his affidavit he appears to allege that Judge Smith: (1) accused him of making an employment dismissal case too complex; (2) failed to resolve the serious issues involved; (3) accused him of filing too many papers; (4) favored the defendants; (5) became angry with him; (6) failed to recognize his right to a jury trial; (7) ordered over his objections that he be deposed by the defendants; and (8) conspired with the defense counsel to dismiss the case. The district judge denied the motion.
 
 
 22
 Nkop fails to set forth facts and reasons for his belief that prejudice or bias exists. See 28 U.S.C. § 144. These allegations of bias were not extrajudicial because they involved the district judge's performance while presiding over his case and thus could not provide a basis for recusal. See Studley, 783 F.2d at 939. Therefore, the district judge did not abuse her discretion by denying Nkop's recusal motion.[9] See id.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Nkop's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Personnel reports dated May 1986, March 1987, October 1987, January 1988, and February 1988 documented Nkop's excessive tardiness and high absenteeism rate
 
 
 [2]
 Personnel reports dated October 1984, October 1987, February 1988, and March 1988 mentioned incidents of name calling, reading a newspaper during work time and refusing to perform assigned tasks
 
 
 [3]
 The lead case, No. C-89-0989, was filed on March 20, 1989 in federal court. On November 21, 1989, Nkop filed a second action in state court, No. 913-127, arising out of the same events and against the same defendants. The state court action was removed by the government to federal court, becoming C-89-4340. The district court treated them as related cases
 
 
 [4]
 Fed.R.Civ.P. 53(b) provides: "A reference to a master shall be the exception and not the rule.... [I]n actions to be tried without a jury ... a reference shall be made only upon a showing that some exceptional condition requires it." Fed.R.Civ.P. 53(b) 1991
 
 
 [5]
 28 U.S.C. § 1441(a) states in pertinent part: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States...." 28 U.S.C. § 1441(a) (1991)
 
 
 [6]
 28 U.S.C. § 1331 states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331 (1991)
 
 
 [7]
 Nkop copied his first complaint and replaced the federal causes of action with state claims in the state court complaint
 
 
 [8]
 28 U.S.C. § 144 states in pertinent part:
 Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding....
 
 
 [9]
 Nkop also argues that under 42 U.S.C. § 2000e-5(f)(5), et seq., it was mandatory for the district court to bring his cases to trial within 120 days. This contention is meritless
 42 U.S.C. § 2000e-5(f)(5) merely states: "If such Judge has not scheduled the case for trial within 120 days after issue has been joined, that Judge may appoint a Master...." 42 U.S.C. § 2000e-5(f)(5) (1991). Nkop also filed a number of motions with this court, which we have examined and now deny. The motions include: (1) "Sound Legal Basis and Related Case-Decisions," dated October 1, 1991; and (2) three "Plaintiff's Motion For Sanctions, And For Compensation," all dated October 1, 1991.