983 F.2d 1077
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Asuquo NKOP, Plaintiff/Appellant,
v.
Aleeta M. VAN RUNKLE and City and County of San Francisco,
Defendants/Appellees.
Asuquo NKOP, Plaintiff/Appellant,
v.
Aleeta M. VAN RUNKLE and City and County of San Francisco,
Defendants/Appellees.
 Nos. 91-16809, 91-16811.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 31, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Asuquo Nkop ("Nkop") appeals the district court's dismissal of his action under 42 U.S.C. § 1983. This appeal originates in Nkop's filing of two civil rights actions: C-89-0989-FMS was filed in federal court and C-89-4340-FMS, which was originally filed in California state court, but was later removed to the federal court by the government. The district court treated them as related cases. See Nkop v. City and County of San Francisco, 1992 WL 38632 at * 4 n. 3, 1992 U.S.App. LEXIS 3657 at * 5 n. 3 (9th Cir. March 3, 1992) (Nkop I ), aff'g, 1990 U.S.Dist. LEXIS 14404 (N.D.Cal. October 17, 1990).
 
 
 3
 In No. C 90-3519 SC (our No. 91-16811), Nkop alleged that Aleeta Van Runkle (Van Runkle), a deputy city attorney, conspired with United States District Judge Fern M. Smith (Smith) to wrongfully remove, fail to remand, and dismiss his earlier state court action (U.S.Dist.Ct. No. C-89-4340-FMS)[1]. In No. C 91-2184 SC (our No. 91-16809), Nkop alleged that a Status Conference Report (SCR) submitted to the district court by Van Runkle in his previous federal action (U.S.Dist.Ct. No. C 89-0989-FMS) contained three libelous statements: specifically, that Nkop was properly discharged from his clerical position with San Francisco General Hospital because he (a) "displayed contempt toward women in general" by (b) "asserting that 'women smell, men do not smell' " and (c) that "in his country (Nigeria) women are not given positions as supervisors."
 
 
 4
 The district court granted defendants' motion to dismiss both Nos. C 90-3519 SC and C 91-2184 SC on the ground that Van Runkle was entitled to qualified immunity under federal law, see Anderson v. Creighton, 483 U.S. 635, 638 (1987) (government officials performing discretionary functions immune where their actions "could reasonably have been thought consistent with the rights they are alleged to have violated"), and absolute immunity under California law. See Miller v. Hoagland, 247 Cal.App.2d 57, 62, 55 Cal.Rptr. 311 (5th Dist.1966) (government attorneys immune from civil liability for any injury resulting from policy decisions made in the performance of their duties).
 
 
 5
 We agree with the district court that since all of the alleged actions by Van Runkle could have reasonably been thought consistent with the rights allegedly violated--denial of due process and equal protection--Van Runkle is immune under federal law. See Anderson, id. Likewise, since all the alleged actions by Van Runkle occurred in the context of her defense of a lawsuit against her client and employer, the City and County of San Francisco, she is also immune from liability under California law. See Cal.Gov't Code § 820.2 (West 1980) ("a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused"). As such, the district court did not err in dismissing C-89-0989-FMS and C-89-4340-FMS.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In Nkop I, another panel of this court upheld the removal and the district court's denial of Nkop's motion for remand. 1992 WL 38632, at * 3, 1992 U.S.App. LEXIS 3657 at * 10-11