Filed 4/24/13  Masters v. DMV CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| WILLIAM A. MASTERS, II, | B242522 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. PC050467) |
| v. | |
| DEPARTMENT OF MOTOR VEHICLES, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Randy Rhodes, Judge.  Affirmed.

William A. Masters, II, in pro. per.

Kamala D. Harris, Attorney General, Alicia M. B. Fowler, Assistant Attorney General, Michael E. Whitaker and Ernesto J. Fong, Deputy Attorneys General, Defendant and Respondent.

_____

## INTRODUCTION

William A. Masters, II filed a complaint for money damages against the California Department of Motor Vehicles (DMV), an agency of the State of California. The DMV moved for summary judgment, asserting immunity to the lawsuit under various federal and state laws. The superior court granted summary judgment in favor of the DMV. Finding no error, we affirm.

## STATEMENT OF THE FACTS

In late 1996, appellant moved from California to Virginia. He never filed a change of address form with the DMV. Appellant obtained a Virginia driver's license, and surrendered his California driver's license to the Virginia Department of Motor Vehicles. The Virginia Department of Motor Vehicles mailed the license back to the DMV. DMV records showed that on April 16, 1999, appellant was involved in a traffic incident in San Bernardino County, California.

On July 19, 1999, the DMV sent a notice to appellant's last known California address, requesting that appellant schedule and complete a medical reexamination by August 11, 1999, as the DMV had information that he might have a medical condition that could affect his ability to safely operate a motor vehicle. On August 20, 1999, the DMV mailed a notice to appellant's last known California address, informing him that his driver's license would be suspended as of August 24, 1999, unless he completed a medical examination. The written notice also informed appellant that his vehicle could be impounded if he drove it while his license was suspended. Appellant did not submit evidence of the requested medical examination, and the suspension took effect on August 24, 1999.

On January 6, 2000, the DMV received a confidential "Morbidity Report" from the Department of Health Services, indicating that appellant had a reportable medical condition that could affect his driving.

On October 28, 2002, the DMV mailed another notice to appellant's last known California address, informing him that his driving privilege would be suspended as of November 27, 2002, due to appellant's failure to appear in court and pay an outstanding traffic violation.

In May 2008, appellant returned to California from Virginia. While driving in Hollywood, he was pulled over for failing to completely stop at a stop sign. The officer impounded appellant's car because appellant was driving with a suspended California driver's license. Appellant paid $155 to lift the 1999 suspension, and $960 to retrieve his vehicle. He also provided the DMV with evidence that he had undergone a medical examination. Both the 1999 and 2002 suspensions were lifted by May 24, 2008.

In June 2008, appellant applied for a truck driving position with Swift Transportation. He obtained a new California driver's license, but was not hired. Appellant claimed Swift informed him that it could not hire him because his driver's license had been suspended within the past 12 months. In November 2009, appellant attempted to obtain vehicle insurance, but was denied because he was a "high risk" driver, as his driver's license had been suspended for nine years.

On March 30, 2009, appellant filed a claim with the California Victim Compensation and Government Claims Board (CVCGCB), seeking to recover the monies he paid to lift the suspension and retrieve his impounded vehicle. On April 22, 2009, the CVCGCB mailed a letter to appellant, acknowledging receipt of his "late" claim. On January 7, 2010, the CVCGCB denied the claim because it was filed untimely. Although appellant was informed he could appeal the denial

3

through a petition for a writ of mandate under Government Code section 945.4, he never filed a petition.

As of May 25, 2011, appellant's DMV driving record no longer reflected his 1999 driver's license suspension. As of August 2, 2011, his driving record no longer reflected the 2002 license suspension.

## STATEMENT OF THE CASE

On March 29, 2011, appellant filed a complaint for damages against the DMV. The complaint sought $2 million in compensatory damages and $2 million in punitive damages for (1) negligence and (2) violation of due process under the Fourteenth Amendment of the federal Constitution. In support of both causes of action, appellant alleged that the DMV improperly failed to cancel his California driver's license in 1996 and thereafter suspended his license in 1999, without providing him with notice and an opportunity to be heard. In the complaint, appellant noted he had filed a complaint for damages in federal court, but that a federal judge had "dismissed my request for financial damages citing the State's Eleventh Amendment protections against monetary suit in federal courts, but allowed me to re-file for injunctive relief. . . . Having my damages barred in [f]ederal [c]ourt, I now proceed to the [s]tate [c]ourt." Appellant did not seek injunctive relief; nor did he name any individual defendant.

On May 20, 2011, the DMV filed an answer, generally denying the allegations and asserting, as an affirmative defense, immunity under Government Code section 815.[1] Section 815 provides in pertinent part that "[e]xcept as otherwise provided by statute," "[a] public entity is not liable for an injury,

---

[1] All further statutory citations are to the Government Code, unless stated otherwise.

4

whether such injury arises out of an act or omission of the public entity or a public employee or any other person."

On March 7, 2012, the DMV filed a motion for summary judgment. In the motion, the DMV argued that it was immune from liability for money damages under the doctrine of sovereign immunity, as expressly provided in sections 815 and 818.4, and under the Eleventh Amendment of the United States Constitution. The DMV also argued (1) that the due process claim was deficient as a matter of law because the DMV is not a "person" under Title 42 United States Code section 1983, (2) that a negligent act is not a "deprivation" under the federal Due Process Clause of the federal Constitution , (3) that appellant failed to exhaust his administrative remedies by filing a timely claim with the CVCGCB before filing his lawsuit, as required by section 945.4, and (4) that appellant failed to exhaust his judicial remedies by failing to file a petition under section 946.6, requesting excusal from the requirements of section 945.4.[2]

In a declaration in support of the motion for summary judgment, John F. Maguire, a DMV employee in the licensing operations division, stated that much of the records related to appellant's driving records in 1996 and 1999 had been purged from the computer system, as part of the DMV's document policy. Based upon a review of documents available on microfilm, Maguire stated there was no record that appellant had filed a change of address with the DMV. Maguire further stated the DMV's records indicated that appellant might have a medical condition characterized by lapses of consciousness. Accordingly, on July 19, 1999, DMV sent a written notice to appellant's last known California address, advising him that

---

[2]     Section 945.4 provides that a claim must be presented to the CVCGCB before a plaintiff can file a lawsuit against the DMV. Section 911.2, subdivision (a) provides that a claim relating to "injury to [a] person or to personal property" must be presented within six months after accrual of the action.

5

his driver's license would be suspended unless he completed a reexamination before August 1999.  When appellant failed to do so, his license was suspended.  Finally, Maguire asserted that "[a] holder of a California driver's license is always subject to California vehicle laws when driving in the State of California[,] including any suspensions to his/her driver's license[,] notwithstanding possession of driver's licenses from other states.  If an individual surrenders his California driver's license to another state, doing so does not cancel or eliminate his/her California driving privilege."

On March 28, 2012, appellant filed an opposition.  He contended that California waived its immunity by enacting section 815.6, which provides that a public entity is liable for an injury caused by a failure to discharge a mandatory duty.  He also contended that the DMV could not claim immunity for not being a "person" under Title 42 United States Code section 1983, because that statute addressed only federal lawsuits by black and mulatto citizens against members of the Ku Klux Klan for violations of their constitutional rights.  He further contended that his due process claim alleged intentional wrongdoing.  He also asserted that he had exhausted his administrative remedies by filing a timely claim, as under section 911.2, subdivision (a), he had 12 months to file a claim with the CVCGCB because he was not seeking compensation for an injury to his person or personal property.  Finally, he asserted that the requirements imposed by the Government Claims Act, sections 810 et seq., were unconstitutional, as they deprived him of equal access to the courts.

On May 16, 2012, the DMV filed a reply, contending (1) that the Eleventh Amendment of the United States Constitution barred the instant lawsuit, (2) that appellant's complaint did not allege any deliberate or intentional governmental decisions or actions, (3) that section 818.4 expressly immunized the DMV from

6

damages claims relating to the suspension or revocation of licenses,[3] (4) that there were no mandatory duties under section 815.6 implicated in this case, and (5) that the requirements of the Government Claims Act were constitutional.

On June 26, 2012, the superior court granted the motion for summary judgment. In its written order, the superior court determined that the DMV was not subject to liability on either the negligence cause of action or the due process cause of action. With respect to the negligence cause of action, the court found (1) that the DMV was not subject to liability, based on the immunities under sections 815 and 818.4; (2) that appellant failed to file a timely government claim, in violation of section 911.2; and (3) that appellant failed to seek judicial review of the denial of his government claim, in violation of section 946.6. With respect to the due process cause of action, the court found (1) that the DMV could not be sued under Title 42 United States Code section 1983 because it is not a "person"; (2) that negligent acts were insufficient to establish liability; and (3) that appellant could not sue the DMV for monetary damages for a claimed violation of procedural due process rights. Appellant timely appealed.

## DISCUSSION

Appellant contends the trial court erred in granting summary judgment. For the reasons explained below, we disagree.

---

[3] Section 818.4 provides: "A public entity is not liable for an injury caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization where the public entity or an employee of the public entity is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked."

A.    Standard of Review

"A defendant is entitled to summary judgment if the record establishes as a matter of law that none of the plaintiff's asserted causes of action can prevail. [Citation.]" (*Molko v. Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107.)  Generally, "the party moving for summary judgment bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact; if he carries his burden of production, he causes a shift, and the opposing party is then subjected to a burden of production of his own to make a prima facie showing of the existence of a triable issue of material fact." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.)  In moving for summary judgment, "all that the defendant need do is to show that the plaintiff cannot establish at least one element of the cause of action -- for example, that the plaintiff cannot prove element *X*." (*Id.* at p. 853.)

"'Review of a summary judgment motion by an appellate court involves application of the same three-step process required of the trial court. [Citation.]'" (*Bostrom v. County of San Bernardino* (1995) 35 Cal.App.4th 1654, 1662.)  The three steps are (1) identifying the issues framed by the complaint, (2) determining whether the moving party has made an adequate showing that negates the opponent's claim, and (3) determining whether the opposing party has raised a triable issue of fact.  (*Ibid.*)

"Although we independently review the grant of summary judgment [citation], our inquiry is subject to two constraints.  First, we assess the propriety of summary judgment in light of the contentions raised in [appellant's] opening brief. [Citation.]  Second, to determine whether there is a triable issue, we review the evidence submitted in connection with summary judgment, with the exception of evidence to which objections have been appropriately sustained.  [Citations.]"

(*Food Safety Net Services v. Eco Safe Systems USA, Inc*. (2012) 209 Cal.App.4th 1118, 1124.)

B.      Appellant's Complaint

As discussed previously, appellant sought money damages for alleged negligence and violation of his due process rights by the DMV.  The DMV sought summary judgment, asserting that as a matter of law, appellant could not prevail on his causes of action because the DMV was immune under various federal and state laws.  We agree.

The United States Supreme Court has held as a matter of federal constitutional law that sovereign immunity and the Eleventh Amendment of the federal constitution bar private suits against a state in federal courts or state courts, unless the state waives its immunity or Congress expressly abrogates that immunity.  (*Alden v. Maine* (1999) 527 U.S. 706, 729, 745-746.)  Here, the State of California has expressly not waived its immunity to lawsuits for money damages arising from the suspension of driver's licenses.  Section 815 of the Government Claims Act states that "[e]xcept as otherwise provided by statute," "[a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."[4]  Section 818.4 specifically provides that "[a] public entity is not liable for an injury caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to

---

[4]      The State of California and its agencies are considered public entities for the purposes of the Government Claims Act.  (§ 811.2.)

9

issue, deny, suspend or revoke, any permit, license . . . ."[5] Thus, appellant cannot demonstrate that the DMV has waived its immunity to his lawsuit.

Nor has appellant shown that Congress expressly abrogated the DMV's immunity to lawsuits for money damages arising from the suspension of his driver's license. The mere fact that one of appellant's causes of action is a claim for a violation of due process under the Fourteenth Amendment is insufficient to show that the DMV's immunity has been abrogated by Congress. That cause of action was brought under Title 42 United States Code section 1983.[6] The United States Supreme Court has held that by enacting Title 42 United States Code section 1983, Congress did not intend to "overturn the constitutionally guaranteed immunity of the several States." (*Quern v. Jordan* (1979) 440 U.S. 332, 342.) Accordingly, sovereign immunity bars appellant's claims against the DMV.

Moreover, even were the DMV not immune to lawsuits based upon an injury arising out of a suspension of a driver's license, appellant cannot prevail on his causes of action for additional and independent reasons. With respect to the cause of action for negligence, the superior court had no jurisdiction over the claim, because appellant did not exhaust his administrative and judicial remedies under

---

[5] Section 814 does permit lawsuits seeking relief "based on contract or . . . relief other than money or damages against a public entity or public employee." In addition, section 825 provides that, if requested by its employee or former employee, a public entity "shall pay any judgment" against the employee based on "an injury arising out of an act or omission occurring within the scope of his or her employment."

[6] Title 42 United States Code section 1983 is not limited to causes of action by black or mulatto citizens against members of the Ku Klux Klan. (See *Monroe v. Pape* (1961) 365 U.S. 167, overruled in part by *Monell v. Dep't of Soc. Servs.* (1978) 436 U.S. 658, 695.) A procedural due process claim may be brought under Title 42 United States Code section 1983. (*Zinermon v. Burch* (1990) 494 U.S. 113, 128.)

the Government Claims Act by timely presenting a claim to the CVCGCB and requesting relief with the superior court.  (See §§ 911.2 & 945.4; see also *Shirk v. Vista Unified School Dist*. (2007) 42 Cal.4th 201, 208 ["Before suing a public entity, the plaintiff must present a timely written claim for damages to the entity."].)[7]

Appellant contends for the first time on appeal that the filing requirements of the Government Claims Act have been abrogated or preempted by the Supremacy Clause of the federal Constitution.[8]  Even were we to find this argument had not been forfeited, the superior court did not err in granting summary judgment.  The negligence cause of action is based upon state common law, not upon a federal right.  Appellant's reliance on *Smith v. Cremins* (9th Cir. 1962) 308 F.2d 187 (*Smith*), *Willis v. Reddin* (9th Cir. 1969) 418 F.2d 702 (*Willis*), and *Donovan v. Reinbold* (9th Cir. 1970) 433 F.2d 738 (*Donovan*) is misplaced.  Those cases addressed only the applicability of the filing requirements of the Government Claims Act to a cause of action based upon a federal right.  *Smith* held that causes of action brought under Title 42 United States Code section 1983 are subject to the three-year limitations period in Code of Civil Procedure section 338.  (*Smith, supra*, at p. 190.)  *Willis* and *Donovan* reaffirmed *Smith*, and held that the Government Claims Act could not impose timely filing requirements that restricted

---

[7]     Although appellant disputes the determination that his claim was untimely, he did not seek review of the CVCGCB's decision in the superior court, and that decision is now final.

[8]     The Supremacy Clause provides in pertinent part that:  "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."  (U.S. Const., art. VI, cl. 2.)

the limitations period.  (*Willis*, *supra*, at p. 704; *Donovan*, *supra*, at p. 741.)  Thus, appellant cannot prevail on his negligence cause of action for the additional and independent ground that he failed to meet the jurisdictional filing requirements of the Government Claims Act.

With respect to his due process cause of action, appellant cannot prevail for the additional reason that the DMV is not a proper party to a suit under Title 42 United States Code section 1983.  That statute provides in pertinent part that: "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . ."  (42 U.S.C. § 1983.)  The United States Supreme Court has held that a state and its agencies are not considered "person[s]" for purposes of a Title 42 United States Code section 1983 damages action.  (*Will v. Michigan Department of State Police* (1989) 491 U.S. 58, 71.)  Thus, a cause of action seeking money damages for a violation of federal due process cannot be brought against the DMV under Title 42 United States Code section 1983.  In short, the superior court did not err in granting summary judgment in favor of the DMV.[9]

---

[9] In his opening brief, appellant contends (1) that the DMV violated his federal due process rights by not providing proper notice of its intention to suspend his license, (2) that he alleged an intentional violation of his federal due process rights in the complaint, and (3) that the DMV committed various discovery violations.  Regardless of the merits of these arguments, they do not alter our conclusion that appellant cannot prevail on his causes of action against the DMV on the grounds of sovereign immunity and lack of subject-matter jurisdiction.

12

## DISPOSITION

The judgment is affirmed.  Costs are awarded to respondent.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

MANELLA, J.

We concur:

EPSTEIN, P. J.

SUZUKAWA, J.

13