Filed 4/28/26  Grimes v. El-Nachef CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| RAYMOND T. GRIMES,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>WAEL NOOR EL-NACHEF, et al.<br><br>    Defendants and Respondents. | B340067<br><br>(Los Angeles County<br>  Super. Ct. No. 23STCP04028) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stephen I. Goorvitch, Judge.  Affirmed.

Raymond T. Grimes, in pro. per., for Plaintiff and Appellant.

Pollak, Vida & Barer, Daniel P. Barer and Karen M. Stepanyan for Defendants and Respondents.

Plaintiff Raymond Grimes appeals from the trial court's order denying his Government Code section 946.6[1] petition for relief from the six-month government claim filing requirement of section 911.2. He alleges that he was injured during a colonoscopy performed in a hospital run by Los Angeles County (the County). Grimes admits that he failed to provide timely notice to the County as required before bringing a medical malpractice claim. However, he argues that he demonstrated excusable neglect by submitting a claim to the wrong authority. He also contends that he relied on assurances provided by the hospital that they were investigating his complaint, and the County is therefore estopped from barring his claim. Last, he asserts that his physical disability prevented him from complying with the timely claim requirement. We find no error and therefore affirm the judgment.

## BACKGROUND

### I.  *Injury and Administrative Complaints*

We take the following facts from Grimes's allegations in his section 946.6 petition and the supporting documents he submitted. Grimes was injured on May 13, 2022 during a colonoscopy at the Martin Luther King Jr. Outpatient Center (the MLK Center). He submitted a patient complaint form to the MLK Center on May 25, 2022. Grimes woke up during the procedure in intense pain near his rectum. In the recovery room afterward, the attending physician, Dr. Wael El-Nachef, said he "may have cut a vein." Grimes continued to experience severe pain but was released home without any pain medication.

Grimes made efforts to seek an attorney in May 2022 by obtaining an initial referral for a consultation. However, the attorney informed Grimes that he had no claim or that "it was too expensive." He appeared in propria persona before the superior court and does the same on appeal.

Grimes visited the pharmacy at the MLK Center on June 21, 2022 to pick up some medication, and was told by a nurse to meet with Dr. Ellen Rothman, Chief Medical Officer for the hospital. According to Grimes, during this visit he and Dr. Rothman discussed his injury and she told him that the complaint he had submitted was "pending and being investigated." Grimes

---

[1]     Undesignated statutory references are to the Government Code.

continued to see Dr. Rothman as his primary care provider throughout 2022 and 2023. His medical records reflect these visits and his continued complaints of rectal pain to Dr. Rothman. The records do not include the repeated conversations he claims they had regarding his submitted complaint, during which Dr. Rothman assured him that the hospital was investigating and would handle the issue.

In early October 2022, Grimes called L.A. Care Health Plan because he had not received any response from the MLK Center about his complaint. After speaking with an L.A. Care employee, Grimes submitted a complaint to L.A. Care on October 19, 2022.[2] L.A. Care responded by letter[3] dated October 22, 2022, stating that it had put Grimes's grievance "into our complaint process for review." The letter also provided contact information for the California Department of Managed Health Care (DMHC), as the entity "responsible for regulating health care service plans," and noted that using "your health plan's grievance process . . . does not prohibit any potential legal rights or remedies that may be available to you." The footer of the letter contained the address and website for L.A. Care and the tagline, "A public entity serving Los Angeles County."

In another letter dated November 14, 2022, L.A. Care stated that it "takes care of our members very serious [*sic*] and monitors the quality of service and care provided to our members." The letter stated that L.A. Care forwarded Grimes's "concerns" to the MLK Center to be reviewed and addressed. L.A. Care notified Grimes that it therefore considered the grievance closed, but that he could file an appeal to the DMHC. According to Grimes, Dr. Rothman confirmed in December 2022 that she had communicated with L.A. Care regarding his complaint and that soon he would be notified by mail of the results of the hospital's investigation.

---

[2] The complaint, deemed a grievance by L.A. Care, is not in the record. Grimes includes a declaration stating that he lost the complaint when his computer "broke" and that L.A. Care did not respond to his requests for copies of the complaint.

[3] The copies of correspondence from L.A. Care in the record include only the first page of each letter.

In early April 2023, Grimes appeared in court for an unrelated hearing and "noticed a law library" nearby. He asked a library clerk about the expected response time to the letter he had received from L.A. Care on November 14, 2022. The clerk told Grimes that his "claim should have been presented" to the Los Angeles County Board of Supervisors (the Board) within six months of his injury, as required by section 911.2.

On April 10, 2023, Grimes submitted a claim for damages to the Board, alleging injuries from his May 2022 procedure. On May 10, 2023, the Board denied the claim as untimely under sections 901 and 911.2. On May 15, 2023, Grimes submitted to the Board a request to file a late claim for damages. The Board denied the application on June 14, 2023, finding that the request did not satisfy the applicable criteria to present a late claim pursuant to section 911.6, subdivision (a).

## II. Petition for Relief

In November 2023, Grimes filed a petition in superior court seeking relief pursuant to section 946.6 from the six-month claim deadline. Grimes named as defendants Dr. El-Nachef, two nurses, and the MLK Center.[4]

In his petition for relief, Grimes alleged that after his injury in May 2022, he believed he should file a claim with the MLK Center, "where the cause of action took place." However, after the MLK Center failed to respond, he submitted a claim to L.A. Care. Grimes argued that he demonstrated excusable neglect for failing to timely submit a claim to the Board. He contended that his submission of a complaint to the MLK Center provided the County with notice of his injury. He also alleged that Dr. Rothman and L.A. Care had misled him as to the proper claims procedures, causing him to

---

[4] Pursuant to agreement by the parties, the court subsequently dismissed the individual defendants and substituted the County for the MLK Center as the defendant. Along with his petition for relief, Grimes also filed a medical malpractice complaint against the same parties. After denying his petition for relief, the court sustained the defendants' demurrers and dismissed the malpractice action, based on Grimes's failure to file a timely government claim. Grimes does not challenge the dismissal in this appeal. We grant the County's request for judicial notice of the documents showing the filing and dismissal of Grimes's malpractice complaint.

believe that he had properly filed a claim and needed to do nothing more than wait for the results of the investigation.

Grimes also asserted that equitable estoppel permitted his late-filed claim. He alleged that the County "made false representation [*sic*] regarding the claim process . . . and induced [Grimes] to believe he had filed properly," despite knowing that he had not done so.

Finally, Grimes contended he was physically incapacitated and unable to travel because of his injury. He argued that he was unable to file a timely claim as a result and therefore was eligible for relief. In support of this contention, he included disability paperwork submitted by Dr. Rothman, stating that he was unable to sit or stand for more than 20 minutes due to chronic pain since the colonoscopy.[5]

The County opposed the petition, arguing that Grimes did not demonstrate reasonable diligence in attempting to timely file a claim. The County further contended, as relevant here, that there was no evidence to support an estoppel claim and that Grimes had not established that he was incapacitated to the extent that he was unable to timely file a claim.

The court held a hearing on the petition on June 28, 2024. Grimes argued that he had been "lulled" into believing his claim had been properly filed based on communications from the MLK Center and L.A. Care. He also pointed to the footer on the letters from L.A. Care, which stated that it was a "public entity serving Los Angeles County," and argued that this language led him to believe that L.A. Care was authorized to accept a claim on behalf of the County. The court took the matter under submission at the conclusion of the hearing.

On July 8, 2024, the court issued an order denying Grimes's petition. The court found that Grimes had not established good cause for relief, as he provided "no credible evidence or explanation why he could not have discovered the proper recipient for a tort claim before the six-month period expired." The court also rejected Grimes's claim of equitable estoppel, finding that his administrative complaints filed with the MLK Center and L.A. Care

---

[5]     Grimes asserted several additional grounds for relief, but does not raise them on appeal.

5

"are different than a tort claim, which is a precursor to litigation and provides notice to the appropriate administrators within the County." Moreover, Grimes provided no evidence that the County "undertook any affirmative act or engaged in any effort to deceive him concerning the necessity of a tort claim." Finally, the court found that other exceptions, including the provisions involving physical or mental incapacitation (§ 946.6, subd. (c)(2)-(6)), did not apply.

The court entered judgment on July 8, 2024. Grimes timely appealed.

## DISCUSSION

### I. *Legal Standards*

#### A. Government Claims Filing Requirement

Under the Government Claims Act (§ 810 et seq.), no suit for money or damages may be brought against a public entity unless a timely written claim has been "presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board." (§ 945.4; see also *DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983, 990 [""'failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity'"'"].) This requirement is subject to certain exceptions not applicable here. (See § 905.)

A claim for an "injury to person" must be presented to the public entity "not later than six months after the accrual of the cause of action." (§ 911.2, subd. (a).) "When a claim . . . is not presented within [the required] time, a written application may be made to the public entity for leave to present that claim." (§ 911.4, subd. (a).) "The application shall be presented to the public entity . . . within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim." (§ 911.4, subd. (b).) This claim presentation requirement is rooted in several public policies. It "'affords the entity an opportunity to promptly remedy the condition giving rise to the injury'"; "'permits the public entity to investigate while tangible evidence is still available, memories are fresh, and witnesses can be located'"; and gives the public entity "'time to engage in appropriate budgetary planning.'" (*Rubenstein v. Doe No. 1* (2017) 3 Cal.5th 903, 907-908.)

6

If the public entity denies the application to file a late claim, the claimant may petition the trial court pursuant to section 946.6 for relief from the claim filing requirements. The trial court "shall relieve the petitioner" from the timely filing requirements if, as relevant here, the petitioner shows by a preponderance of the evidence that "[t]he failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes that it would be prejudiced in the defense of the claim." (§ 946.6, subd. (c)(1); *Ebersol v. Cowan* (1983) 35 Cal.3d 427, 431.) In deciding a petition for relief, a trial court considers "the petition, any affidavits in support of or in opposition to the petition, and any additional evidence received at the hearing on the petition." (§ 946.6, subd. (e).)

### B.     Standard of Review

"'The decision to grant or deny a petition seeking relief under section 946.6 is within the sound discretion of the trial court and will not be disturbed on appeal except for an abuse of discretion.'" (*N.G. v. County of San Diego* (2020) 59 Cal.App.5th 63, 73 (*N.G.*), quoting *Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 275 (*Bettencourt*).) "Abuse of discretion is shown where uncontradicted evidence or affidavits of the plaintiff establish adequate cause for relief." (*Barragan v. County of Los Angeles* (2010) 184 Cal.App.4th 1373, 1382 (*Barragan*).)

The statute is "'construed in favor of relief whenever possible,'" with any doubts resolved "'in favor of granting relief. . . . In light of the policy considerations underlying section 946.6, a trial court decision denying relief will be scrutinized more carefully than an order granting relief.'" (*N.G., supra*, 59 Cal.App.5th at p. 73, quoting *Bettencourt, supra*, 42 Cal.3d at pp. 275-276.) "Nonetheless, we 'cannot arbitrarily substitute our judgment for that of the trial court.'" (*Barragan, supra*, 184 Cal.App.4th at p. 1382.)

## II.   *Analysis*

### A.     Excusable Neglect

Grimes first argues that he established that his failure to file a timely claim was based on mistake or excusable neglect and therefore he was entitled to relief under section 946.6. We disagree.

Relief on grounds of excusable neglect is "available only on a showing that the claimant's failure to timely present a claim was reasonable when

tested by the objective 'reasonably prudent person' standard." (*Dept. of Water & Power v. Superior Court* (2000) 82 Cal.App.4th 1288, 1293 (*Dept. of Water & Power*).) Under this standard, "[e]xcusable neglect is that neglect which might have been the act of a reasonably prudent person under the circumstances." (*Id.* at p. 1296; see also *N.G., supra*, 59 Cal.App.5th at p. 74.) It "'is not shown by the mere failure to discover a fact until it is too late; the party seeking relief must establish that in the exercise of reasonable diligence, he failed to discover it.'" (*Barragan, supra*, 184 Cal.App.4th at p. 1383, quoting *People ex rel. Dept. of Transportation v. Superior Court* (2003) 105 Cal.App.4th 39, 44.)

Grimes does not dispute on appeal that his administrative complaint filed with the MLK Center and then with L.A. Care did not satisfy the requirement under section 911.2 that he timely file a tort claim with the County. Instead, he contends that he reasonably believed he had properly filed a claim, based on the relationship between the County, the MLK Center, and L.A. Care.

Grimes relies on *Bettencourt, supra*, 42 Cal.3d 270, but that case is factually distinguishable. In *Bettencourt*, the plaintiffs' son died on a college field trip. (*Id.* at p. 273.) After some investigation, plaintiffs' counsel filed a wrongful death claim with the state based on a mistaken belief that the college's employees were employed by the state rather than the city. (*Id.* at p. 274.) The Supreme Court concluded that the attorney's error constituted excusable neglect, noting that counsel was not familiar with the local college system and that "public higher education in California represents a sometimes confusing blend of state and local control and funding." (*Id.* at p. 276.) Under those circumstances, the attorney's erroneous assumption after an investigation was not unreasonable. (*Id.* at p. 277.)

Grimes has not alleged or provided evidence to show that the identity of the County as the proper public entity was obscure or confusing. In fact, he easily (but belatedly) discovered the information through a conversation with a law librarian. Further, Grimes included evidence suggesting that he consulted with an attorney shortly after his injury. He provided no details regarding this consultation, including whether he attempted to gain information from the attorney regarding filing a claim. Although he contends

that he relied on statements from Dr. Rothman about the hospital's investigation, Grimes has not established that it was reasonably diligent to assume, without further investigation, that filing a patient complaint form with the hospital was compliant with the claim filing requirements for a personal injury claim.  Grimes's complaint to the MLK Center neither referenced potential litigation nor claimed any damages.  Thus, in addition to failing to file a claim with the proper entity, he also failed to put *any* entity on notice of his intended tort claim.  (See *A.S. v. Palmdale School Dist.* (2023) 94 Cal.App.5th 1091, 1099 [claim is substantially compliant with claims act "if it puts the public entity on notice both that the claimant is attempting to file a valid claim and that litigation will result if the matter is not resolved"], quoting *Green v. State Center Community College Dist.* (1995) 34 Cal.App.4th 1348, 1354.)

We are similarly unpersuaded by Grimes's argument that it was reasonable for him to rely on the footer of the L.A. Care letters for the conclusion that submitting a complaint to the health plan was sufficient.  Grimes failed to meet his burden to provide an adequate record for meaningful review, as he included only partial copies of the letters from L.A. Care. (See *Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416 ["if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed"].)  Moreover, the portions of the letters he included do not support his interpretation.  The letters explained the role of L.A. Care as a health plan and provided information on other resources for further information.  There is no indication that Grimes followed up with any of these resources, even after L.A. Care informed him that it had closed his grievance in November 2022.

### B.  Estoppel

Grimes also argues that the court erred in rejecting his claim of equitable estoppel.  He contends that Dr. Rothman's promises that the hospital was investigating his complaint and the matter would be resolved amicably "lulled" him into believing that he had properly filed his claim.  "'A public entity may be estopped from asserting the limitations of the tort claims statutes where its agents or employees *have prevented or deterred the filing of a timely claim by some affirmative act*.  The required elements for an

equitable estoppel are: (1) the party to be estopped must be apprised of the facts; (2) the party to be estopped must intend his or her conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) the other party must rely upon the conduct to his or her injury.'" (*Castaneda v. Department of Corrections & Rehabilitation* (2013) 212 Cal.App.4th 1051, 1064, quoting *Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1785.)

We review the trial court's factual determination of whether equitable estoppel applies for substantial evidence. (See *Hopkins v. Kedzierski* (2014) 225 Cal.App.4th 736, 756.) "The issue is whether, viewing the evidence and all the inferences therefrom in the light most favorable to the defendants, there was substantial evidence upon which the court could reasonably have found as it did." ( *Ibid.*) Here, substantial evidence supports the trial court's finding that equitable estoppel did not apply. Grimes presented no evidence that anyone at the MLK Center or L.A. Care told him that he did not need to file a claim with the County or that his administrative complaint was sufficient to meet the claim filing requirement. Additionally, Grimes's own contentions are the only evidence of any affirmative statements purportedly made by Dr. Rothman that an investigation was ongoing or that Grimes could expect an amicable resolution.

The written reports of Grimes's meetings with Dr. Rothman do not contain any discussion of his complaint or an investigation, but reflect only medical visits. Moreover, even Grimes's version of these visits involves a discussion of the hospital's *internal* investigation based on Grimes's complaint about his doctor. As such, substantial evidence supports the trial court's conclusion that the County did not affirmatively act to discourage Grimes from timely filing a claim.

Grimes additionally contends that equitable estoppel applies because Dr. Rothman failed to inform him of the claim filing deadline. But he cites no authority establishing that she had such a duty or that her purported silence could support an estoppel claim. (See *Ortega v. Pajaro Valley Unified School Dist.* (1998) 64 Cal.App.4th 1023, 1045 ["Claims of estoppel have been rejected, however, where the plaintiff cannot show calculated conduct or

representations by the public entity or its agents that induced the plaintiff to remain inactive and not to comply with the claims-presentation requirements."].) Notably, a public entity has a duty to notify the claimant of a claim's inadequacy only where the claim "puts the public entity on notice both that the claimant is attempting to file a valid claim and that litigation will result if the matter is not resolved." (*A.S. v. Palmdale School Dist., supra,* 94 Cal.App.5th at p. 1099.) Grimes's patient complaint to the MLK Center did not meet this standard. Thus, we find no error in the trial court's denial of Grimes's claim for estoppel.

## C. Incapacity

Lastly, Grimes contends he is entitled to relief under section 946.6, subdivisions (c)(4) and (5). These subdivisions provide relief if the injured party "was physically or mentally incapacitated" during the time for presentation of the claim, and "by reason of that disability failed to present a claim during that time." (*Ibid*.) We reject Grimes's contention that the trial court failed to consider this argument. Indeed, as Grimes recognizes, the court found that the provisions regarding physical incapacity did not apply.

We further find that Grimes has not established that the court abused its discretion in reaching this conclusion. Grimes points to evidence that he had a physical disability as a result of his injury, which limited his ability to sit or stand for long periods of time. But section 946.6 only provides relief upon a showing that a physical disability rendered the petitioner incapacitated and thus unable to present a timely claim. (§ 946.6, subd. (c)(4)-(5); see also *Barragan v. County of Los Angeles* (2010) 184 Cal.App.4th 1373, 1385 [petitioner who became quadriplegic from a car accident and did not leave her bedroom for six months made the "exceptional showing" required "for a claimant to establish that his or her disability reasonably prevented the taking of necessary steps"].) Grimes presents no evidence to support such a finding. To the contrary, during the six months following his injury, he was able to file complaints with the MLK Center and L.A. Care, initiate the search for an attorney, and attend numerous follow up appointments with Dr. Rothman. Ultimately, he discovered the filing requirements himself by visiting a law library and speaking with a librarian.

Thus, he has not met his burden to show that his physical disability rendered him unable to file a complaint with the correct authority in a timely manner.

## DISPOSITION

The judgment is affirmed. The parties are to bear their own costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COGLIATI, J.*

We concur:

MORI, ACTING P. J.

TAMZARIAN, J.

---

* Judge of the Santa Cruz Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.